### STATE, JANE L. EVERS, PROSECUTOR, v. WILLIAM J. VREELAND ET AL.

1. A variance between the beginning or ending point of a road, as applied for and laid out, if within the width of the proposed road, will not be regarded in proceedings to vacate.

2. If there are increased damages by such change in location, compensation is provided by assessment.

3. If no assessment be made to a wife holding land subject to the act of 1852, giving her a distinct ownership, a nominal assessment to the husband is illegal; the assessment must be made to her alone.

4. The return will not be vacated for such informal assessment. It may be amended in the court that appointed the surveyors, by requiring of them an amended return, and it will be remitted for that purpose.

---

On *certiorari* to the Court of Common Pleas of the county of Essex, in matter of laying a road in Franklin township.

Argued at November Term, 1887, before Justices SCUDDER and PARKER.

For the prosecutor, *F. M. Olds.*

For the defendants, *J. A. Miller, Jr.*

The opinion of the court was delivered by

SCUDDER, J. There are two reasons assigned for setting aside the return of the surveyors of highways. First, for a

·variance between the road as returned by the surveyors and ·that applied for. The application states that the road was to ·end at "a point in the southern line of the public road running past Kingsland's Mills to Stone House Plains, said point being about *sixty-two feet easterly from the northeasterly ·corner of Henry Evers' house*, the centre of the proposed road, ·as the said road is already opened and partly fenced," while the road in the return ends "at a point in the south side of the road now called Kingsland street, seventy-eight and twenty-·five hundreths feet from the southeast corner of Abraham Tack's house, and fifty-two and a half feet from the north-·easterly corner of Henry J. Evers'." This point, as indicated ·on the map, is measured from the northeasterly corner of the prosecutrix's house, called Henry J. Evers', her husband's, in the application. The difference is about ten feet. This variance would not be regarded, as it is within the width ·of the proposed road or street at the ending point, if there were no other description confining it to an exact location. It is sufficient if the beginning or ending point in the appli-·cation be included any where in the width of the road laid ·out, even where it is precisely designated. *State* v. *Vanbuskirk*, 1 *Zab.* 86. In that case the stakes were eight feet distant from each other. It must not only appear that there is ·a variance, but also that such variance is material. *State* v. *Burnett*, 2 *Green* 385.

In *State* v. *French*, 4 *Zab.* 736, it was held that there was ·a material variance where the road as applied for was to run ·on a dividing line of land of different owners, while in the return it departed from that line. It is argued in this case that the words at the close of the description in the applica-·tion "and the centre of the proposed road, as already opened ·and partly fenced," will have a similar effect in holding the ·ending point to the precise place indicated.

There was a road that had been informally opened and used, called Franklin street, which had become an important thoroughfare leading to the depot, but the evidence shows that its exact width had not been definitely determined. Some

wished it to be seventy feet in width, and others sixty feet. There were improvements and fences on each side, but all fences were not in the same line, and the buildings were set back from the line of the proposed street. The prosecutrix had built, in the fall of 1886, after the application was made in October, 1885, and the road laid November 3d, 1885, besides the house at the corner of Kingsland street and the proposed street to be called Franklin street, two frame buildings, about thirty feet back from what she claims was the northwesterly line of a proposed sixty-feet street. The street laid by the surveyors of highways is sixty feet in width, but, by the location of the northerly line, ending at the point above named, runs within her front line about ten feet, as she complains. The claim on the part of the defendant is that this change was made because it gave a better line for the street, and prevented the cutting down of valuable trees on the south side of the road. It appears that there was a reason for the change, and the surveyors used the discretion given them by the statute. Subsequent cases in our court have not changed the rule above indicated. *Powell* v. *Hitchner*, 3 *Vroom* 211; *Swanton* v. *Pearson*, 8 *Vroom* 363; *Covert* v. *Hulick*, 4 *Vroom* 307.

The change in the location of the ending point of the road is only material in the probable increase of damages by cutting off a small portion of the fronts of the prosecutrix's land on Kingsland and Franklin streets, for which compensation is provided by the statute, by an assessment.

The second reason is that no award of damages was made to the prosecutrix, who was not an applicant for the road. A nominal assessment was made to Henry J. Evers, her husband, but this is informal and insufficient. His wife owned the land at the time the application was made for the road, by a deed of conveyance duly recorded. Where the lands of a married woman are taken, subject to the provisions of the act of 1852, the damage should be assessed to her alone, and not to her husband. *Covert* v. *Hulick*, 4 *Vroom* 307. The laying of a road will not, however, be vacated because an assess-

Morgan v. Orange.

ment has not been made in favor of an owner whose lands have been taken for that use. By statute (*Rev., p.* 1013, § 98 ; *Id.,* 1018, § 124), an omission or defect of this kind may be cured by the court that appointed the surveyors, by requiring such surveyors to make an amended return. *Field* v. *Field,* 9 *Vroom* 290 ; *Washington* v. *Fisher,* 14 *Vroom* 377 ; *Kearsley* v. *Gibbs,* 15 *Vroom* 169 ; *Inhabitants of Oxford* v. *Brands,* 16 *Vroom* 332.

The proceedings will be remitted to the Court of Common Pleas of Essex county, that the omission to assess damages to the prosecutrix may be corrected. Costs will be allowed in this court, including the cost of printing the case.