STATE OF MINNESOTA, *ex rel.* Andrew Simpson, *vs.* VALENTINE RAPP and others.

July 3, 1888.

**Highway—Petition — Description.**—A certain description of the line of the proposed highway in a petition for laying out a road, *held* sufficient.

**Same—Appeal to Jury—Justice of the Peace—Constitution.**—The provisions of Gen. St. 1878, *c.* 13, providing for appeal to a jury, summoned by a justice of the peace, from the determination of town supervisors laying out, or refusing to lay out, a highway, are not in conflict with section 8, article 6, of the state constitution.

**Same—Eminent Domain — Legislative Question.**—The propriety of the exercise of the right of eminent domain is a political or legislative and not a judicial question; and the manner of its exercise by the legislature, except as to the matter of compensation, is unrestricted.

**Same — Power of Legislature—Delegation of Power—Constitution.**—They are not bound to submit it to a judicial tribunal, but may exercise it themselves, or delegate it to a jury, commission, or any other body they see fit. Condemnatory proceedings in the exercise of the right, and the assessment of damages incident to it, are not civil actions or causes within the meaning of the constitution, but special proceedings, only *quasi* judicial in their nature. Laws 1887, *c.* 43, is not in conflict with section 13, article 1, of the constitution of the state.

Appeal by defendants, supervisors of the towns of White Bear and Mounds View, in Ramsey county, from an order of the district court for that county, *Brill*, J., presiding, refusing a new trial.

*C. D. & Thos. D. O'Brien,* for appellants.

*H. J. Horn* and *John D. O'Brien,* for respondent.

v.39M—5

MITCHELL, J. In 1885 the relator and others petitioned the supervisors of these two towns to lay out a highway on the town line pursuant to Gen. St. 1878, c. 13, § 42. Upon the hearing, the supervisors denied the prayer of the petition, and refused to lay out the road, from which determination the relator appealed, pursuant to the provisions of section 59 of the same chapter. The jury summoned by the justice of the peace reversed the decision of the supervisors, and ordered the road laid out. The supervisors still refusing to lay out the road, the relator obtained from the district court an alternative writ of *mandamus* against them, which, upon the hearing, was made peremptory, commanding the supervisors to proceed and lay out the road. From the order denying a new trial the supervisors appeal. Only three points are made by the appellants:

1. The first is that the original petition for the road was insufficient to confer jurisdiction on the supervisors, for the reason that it did not properly describe the line of the proposed highway. The description is: "A new road four rods wide on the line between said two towns, [White Bear and Mounds View:] Beginning at a point where the section line between section eighteen, (18,) township thirty, (30,) of range twenty-two, (22,) in said town of White Bear, and section thirteen, (13,) in said town of Mounds View, in township thirty, (30,) of range twenty-three, (23,) intersects the White Bear, Minneapolis, and Mounds View road, so called, and running thence north on said line between said sections eighteen, (18,) and thirteen, (13,) to Pleasant lake." For the purposes of information to those residing in and familiar with the neighborhood, it would be difficult to suggest a better description than this. It is not pretended that the road and lake referred to do not exist, or that the points of beginning and termination of the proposed highway cannot be readily ascertained. The description is perfectly good.

2. The second point is that the statute providing for appeals in such cases to justices of the peace, or, more properly speaking, to a jury summoned by a justice, is unconstitutional. Gen. St. 1878, c. 13, §§ 59-61. We understand appellants' contention to be that it is in conflict with section 8, article 6, of the state constitution, relating to courts of justices of the peace, which provides that "no

justice of the peace shall have jurisdiction of any civil cause where the amount in controversy shall exceed $100, * * * nor in any cause involving the title to real estate." We think this contention is founded upon an entire misapprehension of the nature of these proceedings, and of the functions performed by the justice in such appeals. Condemnatory proceedings in the exercise of the right of eminent domain are not civil actions or causes within the meaning of the constitution, but special proceedings, only *quasi* judicial in their nature, whether conducted by judicial or non-judicial officers or tribunals. The propriety of the exercise of the right of eminent domain is a political or legislative, and not a judicial question. The manner of the exercise of this right is, except as to compensation, unrestricted by the constitution, and addresses itself to the legislature as a question of policy, propriety, or fitness, rather than of power. They are under no obligation to submit the question to a judicial tribunal, but may determine it themselves, or delegate it to a municipal corporation, to a commission, or to any other body or tribunal they see fit. Neither are they bound to submit the question of compensation incident to the exercise of the right of eminent domain to a judicial tribunal. Provided it be an impartial tribunal, and the property-owner has an opportunity to be heard before it, the legislature may refer the matter for determination to a jury, a court, a commission, or any other body it may designate. By the statute under consideration the question of the propriety or expediency of exercising the right of eminent domain,—that is, of laying out a proposed road,—and of the compensation incident to the exercise of the right, is, in the first instance, devolved upon the town supervisors, and, upon appeal from their decision, to six men, called a jury, summoned in the manner prescribed by the statute. The appeal is really to the jury, and not to the justice, who acts, not strictly judicially, but as a sort of moderator and clerk, whose duties are only executive and clerical. He is merely the agency through whom the respondent is notified, the jury summoned, and their decision transmitted to the town clerk. The jury cannot entertain or consider any objections to the regularity of the anterior proceedings. This can only be done on *certiorari* to a court of competent jurisdiction. See

*Commissioners* v. *Judges,* 13 Wend. 432. They can only entertain and determine the appeal on its merits,—that is, as to the necessity and propriety of laying out the road, and the amount of damages to be paid to the appellant, if that question is also included in the appeal; the amount to be awarded, however, being limited to $100, in analogy to the limit of the jurisdiction of justices of the peace in civil actions. The reference of such questions as the propriety of the laying out of a highway to such a tribunal, on appeal from the decision of the supervisors of the town, is rather a novel practice of doubtful policy; but, if the legislature see fit to do so, we can see no possible reason why they have not the power.

The technical point is made that the summons issued by the justice was directed to the supervisors personally, and not in their representative capacity. If there was anything in this point, it was waived by the supervisors appearing generally, and contesting the appeal on its merits.

3. The last point made is that the statute governing these proceedings is rendered unconstitutional by reason of the amendment made by Laws 1887, *c.* 43. The point seems to be that payment of the damages is to be made by the persons petitioning for the road; and, as they may not be pecuniarily responsible, the result might be a taking of private property without just compensation being first paid or secured. It is sufficient answer to this to say that, if this statute would apply to this case, (which does not appear,) it does not attempt to take the property before the compensation is paid. It merely makes the petitioners for the road, instead of the town, the paymaster. Until the compensation is paid or secured the property cannot be taken, notwithstanding the condemnation proceedings.

Order affirmed.