STATE OF MINNESOTA *vs.* PETER THOMPSON.

June 8, 1891.

Location of Highway—Departure from Line Specified in Petition.—
In fixing the definite line of a highway the supervisors may exercise a reasonable discretion in making such variations from the general course stated in the petition as public interests require, and this discretion is not taken away or limited by the fact that the petition describes a definite and particular line.

Case certified from the district court for Faribault county, *Severance*, J., presiding, where the defendant was tried and convicted on an indictment for building and maintaining a fence across a highway in the town of Brush Creek, and was sentenced to pay a fine of $15.

*J. H. Quinn* and *Frank E. Putnam*, for the State.

*C. N. Andrews*, for defendant.

MITCHELL, J.    The question certified by the trial judge for our decision is whether the order laying out a certain highway was void because the road as laid out did not conform to the description contained in the petition.    The petition was for a road commencing at a section corner, and running thence on the section line one mile to another section corner.    The road, as laid, began and ended at the termini named in the petition, and ran the same general course, being for most of the way laid on the section line; but at one place, for a distance of some 25 rods, it deflected from that line about 4 rods, in order to pass by and avoid some farm buildings which stood on the section line.    The statute does not require that the exact route of the proposed road shall be stated in the petition.    All that it requires is that its termini and *general course* shall be stated.    Gen. St. 1878, *c.* 13, § 33.    The supervisors are to fix the definite line of

location, and in doing so may exercise a reasonable discretion, adopting, of course, the proposed route as far as practicable, but with such reasonable variations from it, between the termini, as public interests require. *Neis* v. *Franzen*, 18 Wis. 537. Counsel for the defendant concedes that this would have been so if the petition in this case had merely stated the general course of the proposed road; but his contention is that, as the petitioners saw fit to give a definite and exact description, and to ask for a road on the section line and nowhere else, the supervisors had no discretion but either to lay the road on that line or to deny the prayer of the petition altogether. We do not think that the discretion of the supervisors in fixing the definite line of the road is either taken away or limited by the degree of particularity with which the petition describes the course of the road. The petition must be read in connection with the statute, and, as the statute requires only the general course to be stated, the description contained in the petition, however specific and definite in terms, must be deemed as merely the "general course" of the proposed highway. The order is valid even against a direct attack, and, *a fortiori,* is so against the collateral attack in this case.

Judgment affirmed.