# TOWN OF GREAT SCOTT v. JOHN ROBINSON and Another.[1]

## July 21, 1911.

## Nos. 17,161—(214.)

**Petition to lay out road.**

A road petition is sufficient, if the place and termini of the road may be determined by reference to the entire document.

**Lapse of statutory time jurisdictional.**

The expiration of twenty days from the time of filing·and posting a road petition, before any action shall be taken with reference thereto by the board of supervisors, is jurisdictional.

[1] Reported in 132 N. W. 204.

**Highway by user — evidence.**
> The evidence fails to show that a highway by user had become established
> at the time of the commencement of this action.

Action in the district court for St. Louis county to enjoin defendant from obstructing a highway. The case was tried before Hughes, J., who made findings and as conclusions of law found that the road was not a legally laid out highway, nor a highway by dedication by user; that the buildings of plaintiff did not obstruct or encroach upon any highway, and that defendant was entitled to judgment of dismissal. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

*D. T. Collins,* for appellant.

*Power, Power & Stratton,* for respondents.

LEWIS, J.

Action to enjoin defendant from obstructing a town road. Defense, general denial. The road petition was dated December 24, 1901, and called for a road to be laid out "beginning at ¼ post on Mountain Iron and Hibbing county road and continue or extend on sections 22 and 23 and sections 14 and 15 for a distance of 1½ miles farther north."

1. In the description of the lands and their ownership, the proper sections, subdivisions, town, and range were set out, and the petition was addressed to the supervisors of the town of Great Scott, in the county of St. Louis, state of Minnesota. By reference to the entire petition the termini of the road may be definitely determined, and the description is sufficient. State v. Rapp, 39 Minn. 65, 38 N. W. 926; State v. Thompson, 46 Minn. 302, 48 N. W. 1111; Thompson v. Town of Berlin, 87 Minn. 7, 91 N. W. 25.

2. The petition was filed in the office of the town clerk January 2, 1902, and the town board met on the sixteenth day of January and fixed the time of hearing. The controlling statute, section 1807, G. S. 1894, required that the petition be filed and a copy posted twenty days before any action be taken in relation thereto. Only fourteen days had elapsed when the board first took action. This was.

a jurisdictional defect, and rendered the proceedings void.    Anderson v. Supervisors of Town of San Francisco, 92 Minn. 57, 99 N. W. 420.

3. The evidence sustains the trial court in finding that the highway claimed to be in existence had not become such by user.    The court found that the road was cut out to the width of two rods in the winter of 1902–1903, and was traveled somewhat as a winter road, but that it could not be traveled in the summer until graded, and it was not graded past the premises in question until the fall of 1903.    This is sufficient to support the conclusion that the part of the road in question was not opened to the public until the fall of 1903.    This action was commenced August 25, 1909, and hence the statutory period of use had not transpired at that time.    There was evidence strongly tending to show that the road was surveyed and cut out for the distance of one mile only during the winter of 1902–1903, and that the remaining half mile opposite the premises here in question was not cut out or graded until after August 25, 1903.

Affirmed.