[No. 1758, October 30, 1915.]

MICHELET v. BOARD OF COMMISSIONERS OF CHAVES COUNTY et al.

SYLLABUS BY THE COURT.

1. A petition for the establishment of a new highway is not rendered invalid by reason of the fact that it contains a description of the proposed highway, where it is only under the statute required to name the termini of the road, and the viewers are required to lay out the way upon the most feasible route. Such viewers are not bound by the description in the petition, and the same may be disregarded as surplusage.                                                P. 97

2. Where a highway is properly laid out, according to the petition therefor between the termini named in such petition, the fact that it is extended beyond such termini over lands not owned by the objecting party does not invalidate the order opening such highway between the points named in the original petition.                                                P. 98

3. Where a party has an adequate remedy at law, equity will not entertain jurisdiction, and, as a remonstrator had the right to review the amount of damage by appeal, such question cannot properly be relied upon in injunction.
                                                P. 99

4. The report of the viewers is properly considered by the board of county commissioners at its next regular session after such report is filed with the clerk of such board.

P. 100

5. Section 2667, Code 1915, construed. **Held,** that such section only requires the payment, or tender, of the damages awarded prior to the actual taking of the property required.

P. 100

Appeal from District Court, Chaves County; G. A. Richardson, Judge.

Injunction by Jacques Michelet against the Board of County Commissioners of the County of Chaves and another. From a judgment for defendants, plaintiff appeals. Affirmed.

DYE & MATHEWS of Roswell, for appellant.

Petition for establishment of public road should set forth the termini, but not attempt to fix intermediate points, or to designate route.

Secs. 4 and 10, c. 124, L. 1905.

Viewers should mark out proposed road between termini named in petition.

Sec. 10, c. 124, L. 1905.

Viewer's report should contain amount of damage and benefit sustained.

Secs. 10 and 12, c. 124, L. 1905.

County commissioners had no power or authority to act on viewer's report.

Sec. 13, c. 124, L. 1905; sec. 662, C. L. 1897; sec. 674, C. L. 1897.

Authority to draw warrants in payment of expenses incurred in this matter rests entirely with county commissioners, and not with the county board.

Sec. 15, c. 124, L. 1905; State ex rel. County Commissioners v. Romero, 140 Pac. 1069 (N. M.)

K. K. SCOTT, District Attorney, for appellees.

As to sufficiency of petition see:
Kelly v. Honea, 73 S. W. (Tex.) 847; State v. Thompson, 48 N. W. (Minn.) 1111; sec. 4, c. 124, L. 1905.

Extension of road beyond termini is immaterial.
State ex rel. Milwaukee S. L. & W. Ry. Co. v. O'Conner, 47 N. W. (Wis.) 432.

The variation of 1.35 feet north of southern terminus is also immaterial.
Clark v. Town of Middleberry, 47 Conn. 331; People v. Hildreth, 27 N. E. 558; People v. Carman, 69 Hun. 118; Jenkins v. Riggs, 59 Atl. 758; 37 Cyc. 117.

As to report of benefits, see:
Monterey County v. People, 23 Pac. (Cal.) 700.

### OPINION OF THE COURT.

ROBERTS, C. J.—Appellee, the board of county commissioners of Chaves county, N. M., ordered a new highway opened through certain lands of the appellant, upon petition of ten or more freeholders, as provided and authorized by section 2656, Code 1915. This suit was instituted in the court below to enjoin said board from opening said highway. A temporary injunction was granted upon the filing of the complaint, which was dissolved upon final hearing, and from this decree this appeal is prosecuted. Appellant relies upon several grounds for reversal. The facts will be stated in connection with the discussion of each point made by appellant.

[1] Section 2656, supra, provides that the petition shall "set forth a description of the road sought to be altered, widened or changed and if the petition be for a new road it shall set forth the points where it is to ter-

minate." Appellant contends that, because the petition herein set forth a detailed and specific description of the route of the proposed road between the termini, the same was insufficient, and conferred no jurisdiction upon the board of county commissioners; that the petition should only set forth the termini of the road sought to be laid out and established, and should leave the route, course, and location thereof to be determined by the viewers appointed for that purpose, subject to the approval of the board of county commissioners. It may be assumed that the petitioners were only required to name the termini of the proposed highway, and that the viewers had the power and it was their duty to lay out the road upon the most feasible route between the termini; still we fail to see why the petition would be rendered invalid because it went further than was required or authorized, and described the proposed new highway, as such description could not control the discretion of the viewers in laying out such highway. In fixing the definite line of a highway, the viewers, under the provisions of section 2662, Code 1915, may lay out the same by the most practical and convenient route that they, in their judgment, can find, and this discretion is not taken away or limited by the fact that the petition describes a definite and particular line, nor does such description render the petition void. This was the holding of the Supreme Court of Minnesota in the case of State v. Thompson, 46 Minn. 302, 48 N. W. 1111. See, also, Kelley v. Honea, 32 Tex. Civ. App. 220, 73 S. W. 847.

[2] The viewers, in their report to the county commissioners, reported that they had laid out the road along a described route, which showed that the road ran 1.35 feet north of the terminus called for in the petition, and extended south 296 feet beyond the named terminus. The additional 296 feet, so extended, was not upon appellant's land, so that he is in no position to complain of that irregularity. This extension was over the land of one of the petitioners who presumably donated the right of way to the county. Where a road is properly laid out,

according to a petition therefor between the termini named in such petition, the fact that it is extended beyond such termini over lands not owned by the objecting party does not invalidate the order opening such highway between the points named. In the case of State ex rel. Milwaukee, L. S. & W. Ry. Co. v. O'Connor, 78 Wis. 282; 47 N. W. 433, a similar question was discussed, and the court held that the action of the supervisors did not invalidate the order; that it was simply the acceptance by the supervisors of the right of way dedicated by the owner to public use; that the highway actually laid out was that called for in the petition.

Nor, was the proceeding invalidated because of the fact that the road was laid out 1.35 feet north of the southern terminus of the road as designated in the petition. The departure from the terminus named in the petition was so slight that it was immaterial. In the petition for a new highway the beginning and ending points must be designated, but mathematical certainty is not necessary. In the case of State v. Vanbuskirk, 21 N. J. Law, 86, a variance of 8 feet was held immaterial. In the case of Evers v. Vreeland, 50 N. J. Law, 386, 13 Atl. 241, it was held that a variance between the beginning or ending point of a road, as applied for and laid out, if within the width of the proposed road, would not be regarded in proceedings to vacate.

[3] Some question is raised by appellant as to the damages assessed; it being his contention, as we understand it, that the viewers should have separately stated the amount of damages sustained by him and the benefits which he received, if any. He was allowed by the viewers damages in the sum of $150. It is sufficient to dispose of this contention to call attention to section 2669, Code 1915, which allows an appeal to the district court in the matter of assessment of damages, and a review of that question before the court. Where a party has an adequate remedy at law, equity will not entertain jurisdiction.

[4] Appellant's next contention is that the board of county commissioners had no power to consider the report of the viewers at the April session of said board, because, under section 13, c. 124, Laws 1905, such board only had the power to consider such report at its next "annual meeting," which, it is contended, was in January, 1915. This contention resulted from a misprint in the Session Laws of 1905, as compiled by the secretary of state. The enrolled and engrossed act, which, of course, must govern, gives the board the authority to consider such report at its "next regular meeting." See, also, section 2665, Code 1915, where the corrected statute will be found. No further discussion of this question is necessary.

[5] Section 2667, Code 1915, provides that:

"The board of county commissioners having considered the report of any road review, and the compensation to which any person or persons damaged having been ascertained and paid to the owner or owners or into court for him or them, may order the road to be open for travel and declared a public highway."

Such section further provides for the posting of notices by the board in three public places along the line of the proposed road, giving notice that the board will cause its prior officers to open and work such road from and after 60 days from the date of such notices. At its April session, 1914, the board of county commissioners considered and approved the report of the viewers, and, laboring under a misconstruction of the law relative to its right to draw warrants on the road fund, occasioned by the enactment of chapter 54, Laws 1912 (article 2, c. 52, Code 1915), such board did not draw a warrant as required by section 2668, Code 1915, in favor of appellant, but requested the county road board of such county to draw such warrant. This the county road board did at its ensuing May session, which was mailed to appellant by registered letter which he refused to receive. The board of county commissioners should have drawn the warrant, as it had full power so to do, as held by this court in the case of State ex rel. Board of Commissioners

v. Romero, 19 N. M. 1, 140 Pac. 1069; but, in view of the pleadings in this case, the fact that the warrant was drawn by the county road board, instead of the board of county commissioners, becomes of no consequence. In his original complaint plaintiff alleged that the action of the board of commissioners in ordering said road opened for travel, and in declaring the same to be a public highway, etc., was ultra vires, illegal, null and void, for the "further reason that plaintiff had not then, and has never yet, been paid or tendered the sum of $150 recommended by said viewers and approved by said board of county commissioners as the amount of damages to be paid to him, and had not then, and has never yet, been paid or tendered any other sum or amount whatsoever as compensation or damages for the taking of and injury to plaintiff's above-described tract of land."

The answer of the board of county commissioners denied the allegations of said paragraph of the complaint, and alleged the fact to be that the board of county commissioners, "upon approving the report of the viewers and ordering said road to be established, these commissioners caused a warrant of the county of Chaves, for the sum of $150 to be drawn in favor of the plaintiff herein, and tendered the same to him, which he refused, and still refuses, to accept."

In his reply to this allegation of the answer appellant alleged that the warrant was not drawn until the 1st day of May, 1914, long after the board had ordered the road opened, etc., and that the same was not actually tendered to appellant until after the 3d day of August, 1914. It will thus be seen that no issue was tendered, upon the fact that the warrant was drawn by a board having no authority to draw the same, but the sole issue presented was that the warrant had not been tendered to appellant prior to the 3d day of August, 1914. The stipulated facts show that the aforesaid warrant was actually mailed to appellant on the 1st day of May, 1914, by registered mail, and that he refused to receive the letter inclosing the same, and that said letter was returned to W. M. At-

kinson, the chairman of the road board, unopened, with the notation, "Refused by addressee." This being so, the only question for determination is whether appellant should have actually been paid the damages awarded him prior to the entry of the order by the board of county commissioners establishing the road and ordering it opened for travel. It cannot be questioned that it was absolutely essential that the damages should be paid or tendered prior to the actual taking of the property. The statute, however (section 2667, Code 1915), only authorizes the actual taking of the land, after the posting of notices for 60 days, after the order by the board above referred to. In this case the warrant was tendered to appellant about May 1, 1914, after which time notices were posted to the effect that 60 days thereafter the board would cause said road to be opened for travel by the proper road officers, so that appellant was, in fact, tendered the damages awarded prior to the actual taking of his land. There is some confusion in the statute, as section 2667, Code 1915, quoted supra, seemingly requires the actual payment of the damages before the entry by the board of the order establishing the highway. If this section, however, be considered in connection with sections 2665 and 2668, it will be found that the evident intent of the Legislature was only to provide for the actual payment of the damages before a taking of the condemned property. The two sections referred to read as follows:

"2665. The board of county commissioners at their next regular meeting, after the filing of such report, shall proceed to consider the same and all objections that there may be made thereto, and they shall determine whether or not such road shall be established and opened for travel. And they may refer the matter of viewing to the same or other viewers with instructions to report in like manner, as herein required, or specially upon some particular matter."

"2668. If the damage assessed to any person or persons by reason of the alteration, widening, changing or laying out of any road, shall exceed the benefits, the excess shall be paid to such person or persons by warrant on the county treasurer for the amount. If any person or persons to whom

damages are awarded, be under disability or cannot be found, the same shall be set apart to such person or persons. in the county treasury."

The first section referred to makes it the duty of the board to consider, at its next regular session after the report of the viewers is filed, such report, and to determine whether or not such road shall be established and opened for travel. The last section makes it the duty of the board to draw its warrant on the county treasury for the amount of damages awarded. It could hardly be contended, with any degree of logic, that the Legislature intended that the board of county commissioners should only at its first session draw its warrant in favor of the party; entitled to damages, and cause the same to be paid to him before it could proceed to enter the order establishing the highway and ordering it opened after the proper notice for 60 days was given. The notices required by section 2667, supra, were ordered posted on the 26th day of May, 1914, and gave notice that 60 days thereafter the road would be opened for travel, so that all the precedent steps had been taken prior to the posting of the notices. This, we think, was all that the statutes require. Where actual payment of the award has been made, or tendered, prior to the taking of the land of a remonstrator, the statute is substantially complied with, and a board of county commissioners will not be enjoined from entry upon the land because actual payment was not made or tendered before the approval of the report of the viewers and the entry of the order establishing such highway. This being true, the court properly dissolved the temporary restraining order and refused to grant the petitioner the relief sought. In this connection we might suggest the inquiry as to whether complainant did not have an adequate remedy at law by certiorari, but, as the point was not raised in the trial court, we have treated the case upon the theory that injunction was the proper remedy.

For the reasons stated, the judgment of the trial court will be affirmed; and it is so ordered.

HANNA and PARKER, J.J., concur.