### OLE O. HAVERBEKKEN v. CORYELL COUNTY ET AL.

No. 3572. Decided February 14, 1923.

(247 S. W., 1086.)

1.—Public Road—Condemnation—Description.

In proceedings in the Commissioner's Court of Coryell County for condemning land for and opening a public road a description of same in the petition and order appointing a jury of view as commencing at a definite point "thence going in an easterly direction about 300 yards to intersect a road in Bosque County" was sufficient to confer jurisdiction on the Commissioners' Court to proceed in the matter of such condemnation. The implied terminus of the proposed road was at the county line; and the call to intersect the Bosque County road was sufficient though such road was not then established, but sought to be so by contemporaneous proceedings to condemn for and open same in Bosque County. (pp. 426, 427).

2.—Same—Powers of Commissioners' Court—Reappointing Discharged Jury of View.

The Commissioners' Court has power over its own orders during the term at which they were made, like other courts of general jurisdiction; and after receiving the report of a jury of view and discharging them, it had power, at the same term, and without the institution of fresh proceedings for condemnation, to reappoint the same jury to make a new report, because question existed as to whether the required notice to land owners had been given in their first proceeding. (p. 427, 428).

Questions certified from the Court of Civil Appeals for the Third District, in an appeal from Coryell County.

The Supreme Court referred the questions certified to the Commission of Appeals, Section A, for their opinion thereon, and same, being approved, is here adopted by the Supreme Court as their answer to the questions.

*Stinnett & Stinnett,* and *S. C. Padelford,* for appellant.

The law requires that in condemnation proceedings the property described must be so described with reasonable certainty and that the terminal of the proposed road must be distinctly stated and shown. The description of said proposed road as set forth in the petition purportedly filed in the Commissioners' Court of Coryell County, Texas, did not describe the terminal of that portion of the proposed road situated in Coryell County because at that time and at no time was there a public road in Bosque County or any other road in Bosque County which did or could form a terminus of such proposed road and the said petition and the purported road based thereon was and is absolutely null and void. Rev. Stats., Arts. 6875, 6876.

It is an express and plain provision of the statute of this state that the application and notice for a new road must *specify the termini* of the road with such certainty as would enable a *reasonably intelligent person* who was not a surveyor to designate upon the ground the beginning and ending points with which the road sought to be condemned commences and ends. Freschour v. Hihn, 99 Calif., 434, 34 Pac., 87; Humbolt County v. Dinsmore 75 Calif., 640; 17 Pac., 710; Snoddy v. Pettis, Co., 45 Mo. 361; State v. Parsons 53 Mo. App., 135; Close v. Swanson, 89 N. W., 1043; In re King 87 N. Y. Supp., 236; In Re Road in Hemphill, 16 Atl., 738; State v. Leicester. 33 Vt., 653.

When the jury of view reported to the May term, 1915, and filed their report they were discharged and there then existed no jury of view to lay out any road, and when the court set aside the report of this jury of view the court had to appoint another jury of view, and before a jury of view can be appointed a petition or application must be filed and notice must be given, and after the jury of view were discharged in May, 1915, no other notices of the appointment of a jury of view having been given, the purported re-appointment of said jury of view was a nullity and their report and confirmation of the same was and is null and void and the trial court erred in holding otherwise and peremptorily instructing a verdict in favor of defendants. Salinas v. Stillman, 25 Texas, 12; People v. Mott, 60 N. Y., 649; People v. Brooklyn, 49 Barb., 136; Pollard v. Ferguson, 1 Litt. (Ky.) 196.

*H. E. Bell,* for appellees.

The law requires the petition to describe merely the beginning and termination of the proposed road and does not require exact accuracy as to these points. Vernon's Sayles' Texas Civil Statutes, Art. 6876; Robson v. Byler, 37 S. W., 872; Sneed v. Falls County, 91 Texas, 168, 41 S. W., 481; Sneed v. Falls County, 42 S. W., 121; Scaling v. Denny, 125 S. W., 351; Currie v. Glasscock County, 183 S. W., 1193; Live Oak County v. West, 206 S. W., 965; 37 Cyc. p. 73 and 74.

MR. PRESIDING JUDGE GALLAGHER delivered the opinion of the Commission of Appeals, Section A.

This is a certificate from the Honorable Court of Civil Appeals for the Third District presenting for answer certain questions hereinafter set out. The facts shown by the certificate are substantially as follows:—

Plaintiff, Ole O. Haverbekken, brought this suit in the District Court of Coryell County, against the counties of Coryell and Bosque their commissioners' courts and road officers, seeking to recover title and possession of a tract of land situated partly in each of said counties, and for damages.

Plaintiff charged in his petition that defendants had cut his fences, taken possession of the land sued for, graded the same and opened the same to the public as a road. He alleged that the defendants claimed said land under certain condemnation proceedings, and further alleged that such proceedings were void and conferred no right upon defendants to enter and take said land, and no title thereto. Among the reasons why said proceedings were claimed to be void, he alleged that the petition upon which the proceedings to lay out and establish said road were based contained no legal description of the proposed road and that the commissioners' court of Coryell County, after having received the report of the jury of freeholders appointed to lay out said road and to assess the damages incident to the opening of the same, and after having entered an order discharging them, had no power to reappoint the same jury and to require them to make another report to a subsequent term of said court.

The plaintiff owned a tract of 946 acres of land situated partly in Coryell and partly in Bosque Counties. It was fenced for farming and grazing purposes. There was a public road around his enclosure but certain persons desired a new road across his land. To secure this road condemnation proceedings were, in October, 1914, instituted simultaneously in both counties. The jury of freeholders appointed by the Commissioners' Court of Bosque County laid out so much of the proposed road as lay in said county on January 8, 1915, and their report was confirmed and said road established by said court on February 10, 1915. The opening of said road in Bosque

County was enjoined by plaintiff on the ground that the petition therefor was not signed by the requisite number of freeholders and such road had not been opened at the time of the proceedings in the Commissioners' Court of Coryell County, complained of by plaintiff in this suit.

A jury of freeholders was appointed by the Commissioners' Court of Coryell County to lay out the new road in that county and to assess the damages resulting from the opening of the same on March 8, 1915, and directed to report at the next regular term of the court. They submitted a report at the regular May term of the court. The certificate does not show what specific action was taken by the court at the time further than that the jury was discharged. Afterwards, at the same term, the court made an order reciting that there was some question as to whether or not the land owners were properly and legally notified to meet said jury and that, therefore, their report was rejected and they were reappointed as such jury. They made their final report to the regular August term of the court, and this report was made the basis of the condemnation attacked by plaintiff in this case.

The application for that portion of the new road situated in Bosque County is not set out in the certificate, but said certificate states that the clear, undisputed testimony showed that it was to connect with that part of said proposed road situated in Coryell County. There was, however, no actual road in Bosque County at or along the dividing line between said counties at the time the petition was filed to be met or intersected at said dividing line by the proposed new road in Coryell County. The validity of the proceedings to condemn said road in Coryell County is the only issue involved in the questions certified.

There was a trial in the District Court and instructed verdict for the defendants and judgment thereon in their favor. Plaintiff appealed. Pending the consideration of his appeal, the Court of Civil Appeals certified to the Supreme Court the following questions:—

"1. Was the description of the proposed new road contained in the application filed theretofore, and reading:—'Commencing on a road on the east line of the H. Mailard and the west line of the John Furnash surveys and at a point about 100 yards south of the north Coryell county line, thence going in an easterly direction about 300 yards to intersect a road in Bosque county, Texas,' a sufficient description of the proposed new road to confer jurisdiction upon the Commissioners' Court of Coryell county to appoint a jury of view, and perform the other acts necessary to establish a new road?"

"2. After the jury of view had made its report and been discharged, had the Commissioners' Court of Coryell County power, without the inauguration of any other proceedings, to reappoint the

same jury and to require them to make another report, at a subsequent term of that court?''

Commissioners' courts are created by the constitution and are given by its express terms such powers and jurisdiction over all county business as are conferred by the provisions thereof, or by the laws of the State. The statutes confer upon such courts full power and jurisdiction to locate, establish and open public roads and to condemn the land necessary therefor. In the exercise of these powers they are courts of general jurisdiction and the validity of their proceedings is to be determined by the rules applicable to such courts. Having acquired jurisdiction of the subject-matter and of the party or parties they may, except as restrained or prohibited by law, exercise such powers according to their discretion. Texas Constitution, Art. 5, Sec. 18; Rev. Stats. Arts. 6859-6900; Bourgeois v. Mills, 60 Texas, 76, 77; Bradford v. Moseley, (Com. Apps.), 223 S. W., 171, 173; Sneed v. Falls County, 91 Texas, 168, 171.

The jurisdiction of the court to locate, establish and open a road by condemnation proceedings at the instance of petitioning freeholders must be invoked by presenting a proper and sufficient petition therefor. Haverbekken v: Hale, County Judge, 109 Texas, 106. One of the statutory requisites for such petition is that it shall specify the beginning and termination of the proposed road. The description in the petition presented to the Commissioners' Court of Coryell County in this case is set out in the first question certified. The only attack made by plaintiff upon the sufficiency of such description is that it does not designate the termination of that part of the proposed road situated in Coryell County, because there was no road in Bosque County at the time such petition was filed which could form a terminus of such proposed road. While in jurisdictional matters the provisions of the statute must be complied with, substantial compliance is all that is required. 1st Lawson on Eminent Domain, p. 707; Elliott on Roads and Streets, p. 253. Technical precision is not required in designating the termination of a proposed road. If the description is such that the termination designated therein can be located with reasonable certainty by persons familiar with the locality and such that the same can be located, if necessary, by a surveyor by applying the description found in the petition to the situation found on the ground it will be deemed sufficient. 29 C. J. 419; Robson v. Byler, 14 Texas Civ. App., 374, 37 S. W., 872, 874-5; Currie v. Glascock County, 183 S. W., 1193, 1195; G. H. & S. A. Ry. Co. v. Baudat, 18 Texas Civ. App., 595, 45 S. W., 939; Packard v. Androscoggin County Commissioners, 80 Me., 43, 12 Atl., 788; Acton v. York County, 77 Me., 128; Blaisdell v. York, 87 Atl., 361; In Re: West Goshen Roads, 7 Pa. Co. Ct. 250. In an attack on the sufficiency of the description given in a petition after the

road has been located, the whole proceeding may be looked to in determining the issue. 29 C. J. 420, note 93, sec. (i) and (j), citing Great Scott v. Robinson, 115 Minn. 247, 132 N. W., 204; In Re: Bensalem' Tp. Road, 11 Pa. Co. Ct., 398; In Re: Sewickly Tp. Road, 23 Pa. Super., 170.

There is no attack on the certainty of the beginning point in the petition under consideration. Beginning at that point, the proposed road was to run easterly about 300 yards. While the petition does not in terms call for the county line, we think such call may be fairly implied because the jurisdiction of Coryell County to establish such road necessarily ended at such line. So interpreted, the petition called for a road to run from the beginning point easterly about 300 yards to the county line and to there intersect a road in Bosque County. Had the petition called for the county line as the termination of the road its sufficiency could hardly have been questioned under the rules above stated. Was the description rendered insufficient by the fact that it called to intersect a Bosque County Road at that point? We think not. We think "road" as used in the petition should be interpreted in a broad sense. As so used, it was intended to mean the Bosque County section of the proposed road, for the opening of which the same parties, doubtless, had on that same day filed, or caused to be filed, a petition in the Commissioners' Court of Bosque County. We think that the public and the plaintiff in this case should have so understood the petition under consideration. The record in this case shows that said road as laid out by said jury of freeholders began at the point called for in the petition and ran in an easterly direction at right-angles with plaintiff's west line and parallel with the N. line of Coryell County and with the North line of plaintiff's land, direct to the county line and there met that part of the proposed new road laid out in Bosque County, the opening of which was enjoined by plaintiff. There is no contention that the road as laid out varied from the road applied for. Construed in the light of all the facts and circumstances, the petition was sufficient to confer jurisdiction.

The gist of plaintiff's contention upon which the second question certified is based is that the court having received a report from the jury and having entered an order discharging them, could take no further action in the premises, that the court thereby lost jurisdiction of the subject-matter, and that such jurisdiction could be restored only by the institution of new proceedings by another petition and by the posting of other notices, etc. This contention is not in harmony with the procedure prescribed in our statutes. They provide that in certain cases the Commissioners' Court may of its own motion appoint a jury of view to lay out certain classes of roads, to mark the same on the ground and to report their action in writing

to the court. The court upon receipt of such report is authorized to declare such roads public highways. These statutes further provide that in case any of the land owners over whose lands any such road may be laid out shall claim damages, a jury of freeholders shall be appointed to assess such damages as in other cases. In event the damages assessed are in the opinion of the court excessive, it is authorized to appoint another jury to assess them. The court is not required in such cases to renew its prior proceedings. R. S. Arts. 6863-6866.

There is nothing in our statutes preventing the court from referring the report of a jury assessing damages back to it for amendment or for the purpose of curing defects in the matter of notice to the land owners affected. Such practice is generally recognized as proper by the authorities. 29 C. J., 454, sec. 125; 2 Lawson on Eminent Domain, p. 1387, sec. 782; In Re: Charleston Road, 2 Grant, (Pa.), 467; In Re: Washington Road, 72 Pa. Super., 461.

The Commissioners' Court of Coryell County being a court of general jurisdiction, had full control over its judgments during the term at which they were rendered. The law will construe its orders in the same matters at the same term in the light of each other and regard the substance rather than the form. The effect of the two orders under consideration was to recommit the petition to the same jury of freeholders for the purpose of having a supposed defect in the giving of notice to the land owners corrected. The report was not recommitted, according to the order of the court, because of any dissatisfaction with the damages assessed. The court had full authority to revise the action of the jury in that respect of its own motion upon consideration of the report. R. S. Art. 6882. The only question being the sufficiency of the notice given the land owners, the court did not abuse its discretion nor exceed its authority in recommitting the report to the same jury to comply with the law in that respect and to make a new report to the court. Neither was the court deprived of jurisdiction in the premises, or its orders rendered void by the fact that such orders in form discharged the old jury of freeholders and then immediately or shortly thereafter at the same term reappointed the same persons in that capacity.

We answer the questions certified, as follows:—

(1) The description of the proposed road contained in the application therefor was sufficient to confer jurisdiction on the Commissioners' Court of Coryell County to locate, establish and open said road by condemnation proceedings, if necessary.

(2) The Commissioners' Court of Coryell County had authority on the facts certified without the inauguration of new proceedings to reappoint the same jury of freeholders and to require them to make another report at a subsequent term of that court.

BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.