## HAVERBEKKEN v. CORYELL COUNTY et al. (No. 433.) *

(Court of Civil Appeals of Texas. Waco. Nov. 18, 1926. On Motion to File Amended Motion for Rehearing Jan. 13, 1927.)

1. Eminent domain ⚖307(2)—Issue as to notice required by statute for application for opening road is for jury, when evidence thereof is conflicting.

Where evidence relative to giving notice required by statute concerning application for opening of road is conflicting, issue must be submitted to jury, since required notice is jurisdictional, and, in absence thereof, commissioners' court had no authority to appoint jury of view and establish road.

2. Eminent domain ⚖268—Trivial deviation of road as traveled by public from road laid out by jury of view held not to avoid condemnation proceedngs.

Slight deviation of road as traveled by public from that of road as laid out by jury of view in one or two places, being trivial in width and in length, *held* not sufficient to avoid whole condemnation proceedings and permit owner to recover therefor as though no proceedings had been had.

3. Constitutional law ⚖281—Highways ⚖19—Statutory procedure for establishing and opening of road held not unconstitutional (Rev. St. 1911, arts. 6875–6883; Const. U. S. Amend. 14; Const. Tex. art. 1, § 19).

Statutory procedure, described by Rev. St. 1911, arts. 6875–6883, for establishing and opening of public road by petition, *held* not in conflict with Const. U. S. Amend. 14, and Const. Tex. art. 1, § 19, as taking private property without due process of law, since action of commissioners' court thereunder involves exercise of sound judicial discretion, and under Rev. St. 1911, art. 6871, it may of its own motion locate and establish public road.

On Application for Leave to File Amended Motion for Rehearing.

4. Appeal and error ⚖833(4)—Losing party in Court of Civil Appeals may not as matter of course file amended motion for rehearing.

Losing party in Court of Civil Appeals is not entitled to file amended motion for rehearing

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 9, 1927.

as a matter of course, there being no statute or rule authorizing it.

**5. Appeal and error ⬉833(4)—Court of Civil Appeals may permit amended motion for rehearing on sufficient showing.**

It is within the discretion of the Court of Civil Appeals on a sufficient showing to permit an amended motion for rehearing in lieu of original.

Appeal from District Court, Coryell County; Joe H. Eidson, Judge.

Suit by Ole O. Haverbekken against Coryell County and others. Judgment for defendants, and plaintiff appeals. Affirmed.

S. C. Padelford, of Fort Worth, and H. C. Stinnett, of Gatesville, for appellant.

James M. Robertson, of Meridian, and H. E. Bell, of Austin, for appellees.

GALLAGHER, C. J. Appellant, Ole O. Haverbekken, brought this suit in the district court of Coryell county against the counties of Coryell and Bosque, their commissioners' courts and road officers, seeking to recover title and possession of a tract of land situated partly in each of said counties and for damages. The tract sued for is a strip of land 40 feet wide, extending from the western side of appellant's premises to the eastern side thereof on a line running in the main approximately north 60 degrees east. Appellant alleged that appellees had taken forcible possession of the strip of land sued for, and opened the same through his premises to the public as a road, and that it was being so used. He alleged that appellees claimed said land under certain condemnation proceedings, and further alleged that such proceedings were void, and conferred no right upon appellees to enter and take said land and no title thereto. This is the second appeal in this case. The former appeal was by this appellant from a judgment against him in favor of these appellees on an instructed verdict. Said appeal was heard by the Court of Civil Appeals for the Third District. That court being in doubt about the sufficiency of the petition presented to the commissioners' court of Coryell county for the opening of that part of said road situated in said county, to invoke the jurisdiction of said court, certified that issue to the Supreme Court. The Supreme Court held the petition sufficient. Haverbekken v. Coryell County et al., 112 Tex. 422, 247 S. W. 1086. The honorable Court of Civil Appeals, on receipt of the answers of the Supreme Court to its certified questions, overruled all of appellant's assignments of error, and affirmed the judgment of the trial court. Subsequently, the court concluded that the evidence in the record at that time with reference to the jurisdictional fact of the posting of notices, as required by article 6875, R. S. 1911, was not sufficient to justify an instructed verdict. On that ground alone the case was reversed and remanded. The opinion of that court was by that distinguished jurist, the late Chief Justice W. M. Key. Said opinion does not appear to have been published[1], but a certified copy of the same has been filed with appellees' brief in this cause. Appellant applied to the Supreme Court for a writ of error to review the decision of said Court of Civil Appeals, and his application was dismissed for lack of jurisdiction.

The trial which resulted in the judgment

[1] The opinion of Mr. Chief Justice Key is as follows:

This case has been under submission in this court since December 22, 1920. The reason for the delay in disposing of it is the fact that we were awaiting the decision of the Supreme Court of two questions certified to that court by this court March 16, 1921. The questions referred to have been answered by the Supreme Court, in an opinion prepared by Presiding Judge Gallagher, of Section A of the Commission of Appeals and adopted by the Supreme Court. That opinion will be found reported in 247 S. W. 1086, and reference is made thereto for a statement of the nature and result of the suit, together with this additional statement:

The plaintiff, in his petition, made a direct attack upon the action of the commissioners' court in establishing the road referred to in the petition, and, in addition to the objections stated in the opinion of Judge Gallagher, he charged that the applicants who sought to have the road so established failed to post the notices required by statute, in order to confer jurisdiction upon the commissioners' court. Upon that issue there was a conflict in the testimony, and this court reached the conclusion that, on account of such conflict, the trial court committed error in directing a verdict for the defendants, but, inasmuch as a decision of either of the questions certified to the Supreme Court in favor of appellant would have been decisive of the entire case, we deemed it proper to certify those questions to the Supreme Court before entering a final judgment in this court.

The questions referred to have been decided against appellant, and through inadvertence, on a recent date, this court affirmed the judgment of the trial court. That action of this court is now set aside, and the judgment of the trial court will be reversed and remanded. .

The notice required by the statute concerning the application for opening a road is jurisdictional, and, if such notice was not given, the commissioners' court had no authority to appoint a jury of view and establish the road. That question was directly involved in Haverbekken v. Hale, 109 Tex. 106, 204 S. W. 1162, and the Supreme Court there held that an application for the road, signed by the requisite number of freeholders, and posting the notice thereof as required by statute, were jurisdictional requisites, and, unless the statute was complied with in both respects, a commissioners' court was without jurisdiction to establish a public road upon an application of freeholders. As stated before, the evidence in this case relating to the question of notice was in conflict, and the plaintiff had the right to have that issue submitted to the jury.

Appellant's brief presents some other questions, all of which have been duly considered, and are decided against him, but, on account of the error referred to, the judgment is reversed and the cause remanded.

Reversed and remanded.

---

here appealed from was before the court. Said judgment was that appellant take nothing by his suit, and such judgment is here presented for review.

### Opinion.

[1] The major propositions presented by appellant as ground for reversal on this appeal are the same as those presented on the former appeal and determined against him. We have considered the same, and see no reason for reversing the prior holdings of said courts thereon.

[2] Appellant by his ninth proposition contends that the field notes of the land condemned by Bosque county do not coincide with the field notes of the road actually claimed by said county and used by the traveling public, and that for such reason the condemnation proceedings were null and void, and were not available to appellees as a defense, and that he should have had judgment for the entire strip of land sued for herein. The evidence discloses that the road in controversy ran for a considerable part of its length in Bosque county on unfenced lands; that said road as traveled by the public varied slightly from the road laid out by the jury of view in one or two places; that said place or places were in the brakes of Neil creek; that such deviation was trivial both in width and in length. The gist of appellant's claim is that such trivial deviation at such point or points avoided the whole condemnation proceedings, and entitled him to recover as though no such proceedings had been had. We do not think so and overrule said contention. We do not understand appellant to contend that either his pleadings or his evidence so described the land covered by such deviation as to enable the court to award him a recovery thereof as distinguished from the land actually condemned. Neither do we understand him to present the failure of the court to render such judgment as ground for reversal.

[3] Appellant by his eleventh proposition contends that the whole statutory procedure prescribed by articles 6875 to 6883, inclusive, of the Revised Statutes of 1911, for establishing and opening public roads by petition, is in conflict with the provisions of the Fourteenth Amendment of the Constitution of the United States, and with the provisions of section 19 of article 1 of the Constitution of the state of Texas. The specific claim is that such procedure does not constitute that "due process of law" without which private property cannot be taken for public use. This claim is based on the fact that said article 6876 authorized eight or more individual freeholders in their personal and private capacity to originate a petition for such a public road, to designate its beginning point, its course and distance, and its terminal point, and to give the only public notice required or authorized by law that the jurisdiction of the commissioners' court over the subject-matter of said petition will be invoked by the presentation thereof to said court. Said claim is further based on the fact that said particular articles nowhere authorize the commissioners' court in its official capacity to do any of said things. Appellant's contention is apparently predicated upon the case of Browning v. Hooper, 269 U. S. 396, 46 S. C. 141, 70 L. Ed. 330, which he cites in support thereof. We do not think said case sustains appellant's contention. It involved the validity of a road district created by a commissioners' court on petition; the boundaries thereof being selected and determined solely by the will of the petitioners. There is little, if any, analogy between the creation of a road district by petition under articles of the statute relating thereto and the opening of a public road by petition in the manner provided by the articles under consideration. The Supreme Court, in its opinion in that case, after stating that the duties of the commissioners' court in the premises were purely ministerial, further said:

"There is nothing in the law to guide or to limit the action of the signers of the petition in selecting property to be assessed. Subject to the vote of a district of their own choice, the petitioners' designation is absolute. The commissioners' court has no power to modify or deny; it is bound to grant the petition."

The articles of our statutes under consideration do not in terms at least require the commissioners' court to appoint a jury of view on every petition presented. If the court does appoint a jury of view, after such jury has discharged its duties and filed its report, said articles contemplate a consideration of such report by the court, and the approval or rejection thereof as it may deem to the best interest of the public. If in the judgment of the court such road is of sufficient importance to justify the opening thereof, it may revise the damages allowed by the jury of view, pay or secure the payment of the same in the manner prescribed, and order the road opened. In all these matters the action of said court is not merely ministerial, as in the creation of a road district, but involves the exercise of sound judicial discretion within the exclusive jurisdiction conferred upon said court by the Constitution and laws of this state. Haverbekken v. Coryell County, 112 Tex. 422, 426, 247 S. W. 1086, 1088. The procedure for locating, establishing, and opening public roads by petition was not, however, the only way provided by the statutes at that time by which the commissioners' court could establish and open a road to serve the convenience or necessities of the trav-

eling public. Said court could of its motion locate, establish, and open a public road whenever it might in the exercise of its judicial discretion determine that the exigencies of public travel demanded such action. R. S. 1911, art. 6871; Haverbekken v. Hale, 109 Tex. 106, 111, 204 S. W. 1162. The procedure described in said articles so assailed by appellant is not essentially different from the customary procedure in such cases in other jurisdictions. 29 C. J. p. 403 et seq. §§ 51, 55, 58, 60, and 66 et seq. Appellant's said proposition is overruled.

The judgment of the trial court is affirmed.

### On Application for Leave to File Amended Motion for Rehearing.

[4] The judgment of the trial court was affirmed by this court on the 18th day of November, 1926. Appellant, on November 30, 1926, filed herein a motion for rehearing. Service of said motion having been waived, it came on for submission, and was submitted on the 9th day of December, 1926. Appellant, on the 8th day of December, one day before the submission of his original motion for rehearing herein, tendered to the clerk of this court an amended motion for rehearing, and requested him to file the same. This request was refused. This tender was made by appellant apparently on the theory that he was entitled to leave to file an amended motion as a matter of course. We have neither statute nor rule authorizing the filing of amended motions for rehearing in the Courts of Civil Appeals. We therefore do not think that the losing party in a court of Civil Appeals is entitled to file such a motion as a matter of course. The clerk properly refused to file said amended motion without an order to do so from the court.

[5] The question of the right of a party to file an amended motion for rehearing was before this court at a former term in the case of Eubank v. Jackson. In that case leave to file was properly sought by a formal motion, and service of said motion duly had on the adverse party. Upon consideration of that motion we held in an unpublished memorandum opinion that it was within the discretion of this court, upon a sufficient showing, to permit an amended motion for rehearing to be filed in lieu of the original, but that such showing had not been made in that case. See, in this connection, H. & T. C. R. Co. v. Davis (Tex. Civ. App.) 32 S. W. 163; 2 R. C. L. 175, § 150. We adhere to the proposition of law so announced by us in Eubank v. Jackson. What will constitute a sufficient showing depends upon the circumstances of each case. When the clerk of this court declined to file appellant's amended motion for rehearing without an order of court directing him to do so, appellant filed his motion for leave to file the same. A copy of said amended motion was tendered with said motion for leave to file same and made a part thereof, and service of both motions waived by appellees. We have considered the same, and have decided, upon the circumstances presented, to permit such amended motion for rehearing to be filed. Appellant's motion for leave to file is granted, and the clerk of this court directed to now file said amended motion, and it is ordered that, when so filed, said amended motion shall be in all things considered as substituted for appellant's original motion for rehearing filed herein.