

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN

~~XXXXXXXXXXXX~~

ATTORNEY GENERAL

Honorable Thomas A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-2479
Re: Authority of Liberty County Commis-
sioners' Court to widen pavement of
County road through the unincorpor-
ated town of Daisetta.

We are in receipt of your letter of June 24, 1940, where-
in you request the opinion of this department upon the question
hereinafter stated. Thank you for the authorities submitted
with your request.

Your question may be stated substantially as follows:

Does the Commissioners' Court of Liberty
County have the power and authority to use the
unexpended portion of the road bond funds al-
located to the paving of the Raywood-Daisetta
county road for the purpose of paving the space
between the 18 foot slab and the curb along
such road in certain portions of the unincor-
porated town of Daisetta?

The funds for the paving were provided by a bond issue
voted last October or thereabout, "for the purpose of construc-
tion, maintenance and operating macadamized, graveled or paved
roads and turnpikes or in aid thereof" and the Raywood-Daisetta
road was among those named in the bond issue, the petition and
in the orders and notices of the Commissioners' Court. After the
bonds were voted, $185, 117.00 was allocated to the paving of
this road, but only about $165,000.00 was used, leaving a balance
of approximately $20,000.00, which the Commissioners' Court
wishes to expend as stated in your inquiry.

Section 52 of Article III of the State Constitution
provides, in part, as follows:

"....under legislative provision any
county......may issue bonds......for the
following purposes:

"........

"(c)  The construction, maintenance, and
operation of macadamized, graveled or paved
roads and turnpikes, or in aid thereof."

Article 752a (Vernon's Ann. Statutes) provides the
statutory authority required by the constitution, using almost
the identical language.

The county commissioners' court is the governing body
of the county and its control extends over the streets and
roads of unincorporated cities or towns within the county and
over incorporated cities and towns which have no de facto
municipal government.  Feris v. Bassett, et al (Civ. App., Gal-
veston, 1920) 227 S.W. 233; Article 6730 (R.C.S., 1925.)  With
the consent of the governing body of an incorporated town or
city, it may improve streets therein which are integral parts
of the county road sustem.  City of Breckenridge v. Stephens
County, 120 Tex. 318, 40 S.W. (2d) 43.

It has often been pointed out by our courts that, where
jurisdiction or control over a subject is conferred upon the
county commissioners' court, the special power or jurisdiction
confided to that court must be exercised according to its dis-
cretion.  Haverbekken v. Coryell County, (Com. App., Sec. A.,
1923) 112 Tex. 422, 247 S.W. 1086;  Holt & Co. v. Wheeler County,
(Civ. App., Amarillo, 1921) 235 S.W. 226.

The Legislature in its wisdom has seen fit to place no
limits upon the width of pavement on county roads nor upon the
extent of the improvements on such roads.  There are no consti-
tutional or statutory provisions in Texas requiring the pavement
on such roads to be of uniform width.

It is, therefore, the opinion of this department that
the Commissioners' Court of Liberty County has, within its sound
discretion, the power and authority to  make the improvements
contemplated, and you are respectfully advised that your ques-
tion is answered in the affirmative.

We have assumed that there is no specification as to
width of the Raywood-Daisetta road in the record of the bond issue
by which the funds were provided.

APPROVED JUL 8, 1940                    Yours very truly
s/Glenn R. Lewis, (Acting)
Attorney General of Texas               ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee by           By s/Peter Maniscalco
s/BWB Chairman                             Assistant