

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable John F. May
County Attorney
Karnes County
Karnes City, Texas

Dear Sir:     Opinion Number O-1797

> Re: Authority of Commissioners'
> Court to refund road bonds
> to mature in lesser time than
> that of the underlying bonds.

We are in receipt of your letter of December 29, requesting our opinion as to the legality of the procedure proposed in the matter of refunding certain bonds of Road District #3 of Karnes County. The facts are briefly as follows:

"Road District #3 of Karnes County, Texas, voted a bond issue of $32,000, bearing interest at a rate of not more than 4%, due and payable serially, one bond of $1,000 due each year for twenty-six years, and one bond of $1500 due each year for the following four years, with option of prior redemption after five years from the date of such bonds. A bond buyer has proposed to purchase the bonds as they were voted and then have the Commissioners' Court to refund the bond issue so as to make them due and payable serially in twenty years and make the payments due each year about equal, with ten year option as to payment."

Your question is:

"Can this be legally done without another election?"

After a careful reading of the statute governing the issuance of refunding bonds, we must advise that we have failed to find any provision within the statute requiring the submission of the proposition of the issuance of refunding bonds to the electorate. We, therefore, must answer your question in the affirmative.

By giving an affirmative answer we do not intend that this opinion shall be construed as approving the procedure outlined in your letter. Article 752x of the Revised Civil Statutes of 1925 is the law appertaining to the refunding of road bonds, and reads as follows:

"That the commissioners' court of the several counties in Texas shall have authority to refund any road bonds that have been issued or that may hereafter be issued by authority of any law enacted pursuant to Section 52 of Article 3 of the Constitution of Texas, when such road bonds have been issued for and on behalf of a political subdivision or defined district or consolidated district in such county. Such refunding bonds shall be made to mature serially over a period not exceeding forty (40) years from their date, as may be determined by the commissioners' court, and they may be made to bear interest at the same or lower rate than the original bonds which are being refunded. The commissioners' court shall have authority to pass all appropriate orders to properly carry out such refunding. When providing for such refunding, the commissioners' court shall provide for the levy of ad valorem taxes on all taxable property in the political subdivision or defined district, or consolidated district, as the case may be, sufficient to pay the current interest on said refunding bonds and to pay the principal as it matures."

It will be noted from a careful reading of this statute that a great deal of latitude is vested in the commissioners' court in the matter of determining the feasibility of refunding road bonds. We have underscored certain language

used in this statute which we think indicative of the legislative intention to make the advisability of a refunding a matter of discretion. We must conclude, therefore, that it is legally within the power of the commissioners' court to refund any bonds that have been issued where such court deems it advisable and to the best interest of the district that such refunding be done.

The courts of this State have often announced the principle that where a statute gives authority to commissioners' courts, it will be reasonably construed in order to effect its purpose. See Sheffield vs. Sheppard, 39 S. W. (2d) 1111, Wallace vs. Commissioners' Court of Madison County, 281 S. W. 593. Jurisdiction has been conferred upon the county commissioners' court to effectuate refundings for the various defined road districts situated in its county, and having acquired that jurisdiction they may, except as restrained by law, exercise such powers according to their discretion. See the case of Haberbekken vs. Coryell County, 247 S. W. 1086. In the case of Cameron vs. Earnest, the Court of Civil Appeals stated that:

"In the absence of fraud, no court has right to set aside decision of commissioners' court on matters within its jurisdiction." 34 S. W. (2d) 685, error dismissed.

And again the Court of Civil Appeals held in the case of King vs. Falls County, 42 S. W. (2d) 481, that:

"A district court cannot review discretion of commissioners' court unless it appears there has been clear abuse of court's discretion."

It will be seen from the above quoted decisions that where a matter comes within the discretionary powers of a commissioners' court much latitude of action is permitted said court. And since we have heretofore determined that Article 752x invests the commissioners' court with a certain amount of discretion in the matter of determining the necessity for a refunding, we must indulge the presumption that

the commissioners' court is acting within its authority in proposing to refund the road bonds of District #3 to mature in twenty years instead of the thirty-year period authorized in the election.  In the absence of an abuse of this discretion the presumption must be in favor of the legality of the transaction.

You are, therefore, advised that unless it appears that the commissioners' court is abusing that discretion, the proposed refunding cannot be said to be illegal.  This would be true even though a greater burden was placed upon the taxpayer than was anticipated by the electorate at the time the bonds were authorized.

You are further expressly advised that the commissioners' court's authority to refund any issue of bonds arises only after the underlying bonds have been issued, and, under the law, bonds are not considered to have been issued until they have been sold and the proceeds thereof placed in the custody of the County Treasurer.  Hence, it must follow that the agreement to refund bonds prior to their issuance is not only premature but is unauthorized.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      /s/ Clarence E. Crowe
Clarence E. Crowe
Assistant

CEC-s:mjs

APPROVED JAN 27, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY /s/ BWB CHAIRMAN