### W. N. KELLEY v. WALTER HONEA ET AL.

Decided April 11, 1903.

**1.—Public Road—Application for—Commissioners Court.**

Since the statute does not require the application for the laying out of a public road to more than specify its beginning and termination, the fact that an application specified the section lines along which the road was to run did not deprive the Commissioners Court of the power to open it, on the recommendation of the jury of view, along different lines. Rev. Stats., arts. 4671, 4687, 4688, construed.

**2.—Same—Notice to Landowner.**

The notice which the statute requires the jury of view to give to the landowner has reference to the time and place of assessing the damages, and not to the viewing out of the road, where the damages are not then assessed. Rev. Stats., art. 4691.

Appeal from the District Court of Floyd. Tried below before Hon. J. A. P. Dickson.

*J. B. Bartley, C. E. Coombes,* and *Randolph & Mathis,* for appellant.

*J. W. Pruitt* and *Holman & Dalton,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—Appellant sought to enjoin the opening of a public road through his premises, mainly upon the ground that the jury of view, in laying out the road across his land, which was section 56, block G, Floyd County, disregarded the order of the Commissioners Court directing it to be laid out on the west boundary line of said section, and located it on the east boundary thereof, running it through his front yard and orchard. The change thus made, however, was adopted by the Commissioners Court when the report of the jury of view was approved, and the road ordered to be opened.

The beginning and termination of the proposed road, as specified both in the petition of the requisite freeholders and in the order of the Commissioners Court, were duly observed by the jury of view.

The statute does not require the application for a new road to do more than specify its beginning and termination. Rev. Stats., art. 4687. Because the application went farther in this instance and specified the section lines along which the road was to run did not deprive the Commissioners Court of the power to open it, upon the recommendation of the jury of view, along different lines. Rev. Stats., arts. 4671, 4688. And when the Commissioners Court adopted the line recommended by the jury of view and ordered the road to be opened accordingly, the order was just as valid as it would have been if this had been the line originally designated.

It is alleged, however, that the jury of view proceeded to lay out the road without the knowledge of appellant, and in his absence; but there is no complaint that he was not notified of the time when his damages would be assessed, or that he was denied adequate compensation, as provided in Revised Statutes, articles 4691, 4692, 4693 and 4694.

We understand article 4691 to mean that notice of the time when the jury will proceed to lay out the road is only required, as is perhaps usually the case, when the damages are then to be assessed, since the clause, "or when they will assess the damages," etc., indicates that a different time may be selected for assessing the damages. The next succeeding articles clearly indicate that the notice required by article 4691 is important to the owner of the land through which the road is to run only on the question of damages. The court did not, therefore, err in sustaining a demurrer to the petition and dismissing the suit.

*Affirmed.*