LIVE OAK COUNTY et al. v. WEST.
(No. 6161.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 6, 1918. Rehearing Denied Dec. 18, 1918.)

1. APPEAL AND ERROR ⬉907(3)—ABSENCE OF STATEMENT OF FACT—EVIDENCE—PRESUMPTION—SUFFICIENCY OF PETITION.

Where an answer was filed and hearing had, resulting in judgment for plaintiff, and no statement of facts was brought up on appeal, it must be presumed the evidence supported plaintiff's allegations and did not support the pleaded defenses, and the judgment must be affirmed if plaintiff's petition states a cause of action.

2. HIGHWAYS ⬉29(5), 30(4) — LOCATION OF ROAD — APPLICATION AND NOTICE — SUFFICIENCY.

An application and notice of intention to establish a highway, leaving its termination to be fixed at any place along a line of more than 1,000 varas, are not sufficiently definite to comply with Rev. St. 1911, art. 6875, and to give jurisdiction.

3. HIGHWAYS ⬉53(2)—LOCATION OF ROAD—ORDER ESTABLISHING—DESCRIPTION OF LOCATION.

An order, though made on court's own motion to establish a new road, the description therein locating the road's termination at any point in a line of more than 1,000 varas, is fatally defec-

tive, since the statutes do not lodge, in the jury of view, discretion to determine where the road shall end.

4. HIGHWAYS ⬉38(1)—ESTABLISHING ROAD —NOTICE OF PROCEEDINGS.

Where the court's order states that the jury of view is to lay out third-class road described in application and later refers to it as second-class road, held, that the order was for a second-class road, and that, where jury's notice referred to the order, the owner had notice of class of road burdening his land.

Appeal from District Court, Live Oak County; F. G. Chambliss, Judge.

Action by George W. West against Live Oak County and others. Judgment for plaintiff, and defendants appeal. Affirmed.

John D. Hartman, of San Antonio, and T. H. Miller, of Oakville, for appellants.

Denman, Franklin & McGown, of San Antonio, and Dougherty & Dougherty and G. C. Robinson, all of Beeville, for appellee.

MOURSUND, J. This is an appeal from an order granting a temporary injunction restraining Live Oak county and the commissioners' court of said county from opening up a road through the premises of appellee.

The facts upon which plaintiff based his prayer for relief, as deduced from the petition and exhibits thereto attached, are as follows: On April 10, 1918, a petition was filed, praying for a public road of the third class, 30 feet wide, beginning at the termination of the Bartlett Ranch public road, where it intersects the northwest line of the Bartlett Ranch on the Nueces river, and ending at the north or northwest side of the town site of George West. Notice that such petition would be filed had been duly given. On April 10, 1918, at a regular term, said application was heard, and an order entered reciting that the said application came on to be heard, and, it appearing that notice had been given as required by law, it was ordered that certain named persons were appointed a jury of view "to lay out, survey and describe said road," and make report at the next term of court. The order describes the beginning and terminus of the road in the same language as the petition. At the end of the order the statement is made, "it being contemplated that said road shall be a second-class road, being 40 feet wide." In June, 1918, a majority of said jury of view caused to be published in a newspaper of Live Oak county a notice addressed to the plaintiff and others, all nonresidents of said county, notifying them that they would proceed, as a jury of view, by virtue of an order of the commissioners' court of said county, to lay out and survey a road, describing the same beginning point as stated in the petition, but naming only the northwest side of the George West town site as the terminus. The notice stated that the road would be laid out on July 12, 1918, and that at the same time they would assess the damages, if any, claimed

by the parties to whom the notice was directed, incidental to the opening of said road, and that a statement of said damages might then be presented. This notice did not state the width or class of the road to be laid out. On July 15, 1918, the commissioners' court entered an order approving the report of the jury of view, and establishing the road in accordance with such report, classifying the road as one of the second class, and directing that it be opened and worked, and that it should be 40 feet wide. The order recited that no claims for compensation had been presented to the jury of view or the court, and that therefore no compensation was allowed.

Plaintiff described the parcels of land owned by him which were appropriated for the road according to the report of the jury of view, and alleged at length the injuries he would sustain if the road was opened up across his land.

As grounds for an injunction, he urged:

(1) That the application for the road and the notice concerning said application failed to describe the terminus of the road, other than to state that it should end at the north or the northwest side of the town site of George West, and that such description was wholly insufficient for the reason that said town site is laid out so that there is no north side, the lines running so that either of the two north boundary lines might be intended as the north line, and besides each of said lines was over 1,000 varas long. That therefore the court acquired no jurisdiction to consider said application, and the order granting the same was in violation of the statute and of plaintiff's statutory and constitutional rights.

(2) That the application and notice and the order appointing a jury of view provided for a third-class road 30 feet wide, and the jury of view laid out a second-class road 40 feet wide, and their report to that effect was approved, and a road of that character ordered opened up by the court. That thereby an additional servitude and burden was placed upon plaintiff's land, and more of his land was appropriated for public use without compensation than was sought by such application or notice.

[1] An answer was filed, and a hearing had, but no statement of facts has been brought up. It therefore appears that, if the plaintiff stated a cause of action, we must sustain the order of the court; for it must be presumed in support thereof that the evidence sustained plaintiff's allegations, and that it did not sustain any defense pleaded by defendant.

[2, 3] The application and the notice of intention to file same were defective, in that the description of the terminus of the proposed road was not sufficiently definite to comply with the statutory requirement that the termination of the road must be specified. Article 6875, R. S. 1911. It leaves the termination to be thereafter fixed at any place along a line more than 1,000 varas long. Such application and notice were insufficient to give the commissioners' court jurisdiction to grant the application. Kelley v. Honea, 32 Tex. Civ: App. 220, 73 S. W. 846; Cator v. Hays, 122 S. W. 953. It may be, however, that as the court had the power on its own motion, where it is deemed necessary, to open new roads, the want of a proper application and notice should not be held jurisdictional, even though the court did not purport to act on its own motion; but even if this be conceded, it appears to us that, as the order of the court contains the same description as was used in the application, such order is fatally defective. It is not contemplated by our statutes that the discretion of determining where the road shall end shall be lodged in the jury of view. As the notice issued by the jury of view refers to the order of the court for description of the proposed road, it is also insufficient in law. The proceedings leading up to the laying out of the road not being in compliance with our statutes, it appears that the plaintiff was entitled to the injunction as prayed for.

[4] The order of the court is somewhat ambiguous, in that it states that the jury of view is appointed to lay out and describe "said road," referring to the road described in the application, which was a third-class road, 30 feet wide, and at the end of the order the statement is made, "it being contemplated the said road shall be a road of the second class being 40 feet wide." We are inclined, however, to the view that the order should be construed as one for a second-class road, 40 feet wide, to be located as described in the petition, and that being the case, as the notice given by the jury of view referred to the order, and the owner had opportunity to know the class and width of the road to be laid out, it appears there is no merit in appellee's contention that he is entitled to the injunction on the ground that the order approving the report and ordering the road opened imposed a greater burden on his land than he had notice of.

In view of the defect pointed out with respect to the description in the proceedings preceding the laying out of the road, we hold that the injunction was properly issued.

Judgment affirmed.