BRYAN v. McKINNEY, County Judge, et al.*
(No. 8893.)

(Court of Civil Appeals of Texas. Galveston. Nov. 10, 1925. Rehearing Denied Jan. 7, 1926.)

1. Eminent domain ⬤168(2)—Statute held not to divest commissioners' court of authority to condemn land for state highways.

Acts 39th Leg. (1925), c. 186, § 14, does not divest commissioners' court of authority to condemn land for state highways, especially in view of sections 3 and 4, but gives state highway commission concurrent authority with commissioners' court to do so, on condition that, if latter takes land, highway must be designated by commission as state highway.

2. Highways ⬤19—Authority of commissioners' court to lay out and construct highway not affected by act effective after contract was let.

Even if Acts 39th Leg. (1925) c. 186, § 14, divested commissioners' court of authority to take lands for state highways, it would not affect such court's authority to lay out and construct highway for which project was begun and contract made before act took effect, in view of section 4.

3. Highways ⬤47—Commissioners' court cannot establish first-class road 80 feet wide.

Commissioners' court cannot establish a first-class road 80 feet wide; law authorizing establishment of such road of only 60 feet in width.

4. Eminent domain ⬤274(1)—Judgment merely restraining commissioners' court from taking strip of land wider than 60 feet for road not subject to reversal.

Judgment not establishing a road of any width, but merely restraining commissioners' court from taking strip of land wider than 60 feet for first-class road, held not subject to reversal as adjudicating that road of such width was established by commissioners' court or reducing width fixed by it.

5. Highways ⬤41(3)—Description of proposed road held sufficient.

Description of proposed road, as reported by jury of view and established by commission-

ers' court, *held* sufficiently definite to apprise landowner of location and as basis for condemnation proceedings.

**6. Costs ☞32(3)—Plaintiff recovering partial relief erroneously taxed with costs.**

Where plaintiff, in suit to restrain construction of road, recovered part· of relief prayed for, court erred in adjudging costs of suit against him, in view of Complete Tex. St. 1920, or Vernon's Ann. Civ. St. 1914, art. 2035.

. On Motion for Rehearing.

**7. Highways ☞23—Authority of district court relative to establishment of roads stated.**

District court cannot establish road of any class, originally or by reducing width of one erroneously attempted to be laid out of greater width than allowed by law, but may decide in passing on application for injunction, that commissioners' court had no authority to establish a road 80 feet wide, but could and did establish one 60 feet wide.

Appeal from District Court, Walker County; Carl T. Harper, Judge.

Suit by N. W. Bryan against A. T. McKinney, County Judge of Walker County, and others. From a judgment granting only a part of the relief prayed, plaintiff appeals. Reformed and affirmed.

J. S. Bracewell, of Houston, and R. T. Burns, of Huntsville, for appellant.

M. E. Gates and Dean & Humphrey, all of Huntsville, for appellees:

LANE, J. On the 21st day of January, 1925, a petition signed by a sufficient number of citizens and landowners of Walker county, was filed with the commissioners' court of Walker county, asking that a road of the first-class, 80 feet in width, be established upon a center line, beginning in the center of Avenue L of the city of Huntsville in Walker county, and on the south boundary line of said city, and to run thence 90 feet from, parallel with, and on the west side of the International Great Northern Railway track to the boundary line between Walker and Montgomery counties. Notice as required by law was given of such application, and a jury of view was ¹duly appointed to lay out and establish the road as petitioned for. On the ——— day of July, 1925, the jury of view made its report to the commissioners' court, showing that it had laid out and established the road as prayed for. The report of the jury of view was by said court duly approved on the 23d day of July, 1925. The report and the order approving the same described the road as beginning on the south boundary line of the, city of Huntsville at a point in the center of Avenue L of said city; thence on a 6-degree curve to the left, 1,016.1 feet; thence south 61 degrees 16 minutes east 3,023.5 feet, etc.; every alternate call, which were many

in number, is for a general south course to the dividing boundary line between Walker and Montgomery counties. The jury of view, as shown. by its report 'which was approved by the court, assessed damages to all landowners whose lands were crossed by the road.

After the road was laid out, as surveyed by the county engineer and approved by the commissioners' court, the same was duly approved by the state highway commission and by the authorized representatives of the federal bureau of roads. Thereafter and prior to the filing of this suit by N. W. Bryan, and prior to the taking effect of the act of the Thirty-Ninth Legislature (chapter 186) relating to and prescribing the powers and duties of the state highway commission, but subsequent to the approval of said commission and ·the federal bureau of roads, of said road, the commissioners' court of Walker county advertised for bids for clearing and grading said road and for putting in of bridges and culverts therein and thereover. After such advertisement, bids to do such work were filed with, and accepted by, the commissioners' court, and a contract was made by the court with Reynolds & Sutton to do such work, and such contract was approved by the state highway commission on.the 12th day of June, 1925, all of which acts and things, except the report and approval of the report of the jury of view, which was on the 23d day of July, 1925, took place prior to the taking effect of said act of the Thirty-Ninth Legislature, above mentioned, which went into effect on the 17th day· of June, 1925.

Upon the execution of the contract with Reynolds & Sutton for the clearing and grading of the road, and putting in the required bridges and culverts, and after the jury of view had made its report, and the same had been approved, they (Reynolds & Sutton) proceeded to clear and grade said road, and had, prior to September 16, 1925, actually cleared and graded the greater portion thereof, and had put in culverts and bridges thereon, and had almost reached the land of N. W. Bryan, the plaintiff herein, with such construction work, when the said Bryan, to wit, on the 16th day of September, 1925, filed his petition in the district court of Walker county, praying for a temporary restraining order. to restrain A. T. McKinney, the county judge of Walker county, and the four county commissioners of said county, or their agents and employees, from in any manner entering the plaintiff's property, or from doing any act by or pursuant to the carrying out the report of the jury of view and the order of the commissioners' court in approving the same; that they be further restrained from doing any act tending to alter the already established state highway by the establishment of the proposed road, or from expending any

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

public money in pursuance of the establishment of said road; and that, upon final hearing, such restraining order be made perpetual.

The cause was set for hearing on the plaintiff's prayer for the temporary restraining order, for the 18th day of September, 1925, and the clerk of the court was ordered to issue a notice to the defendants to appear before the judge of said court on said date and show cause why said order should not be granted. If there was any answer to the plaintiff's original petition by any of the defendants, it is not shown by the record other than by the order, below shown, and the recitals in the defendant's answer to plaintiff's supplemental petition to the effect that such answer was filed on the 17th day of September, 1925.

On the 18th day of September, the court rendered judgment reciting the appearance of all parties, and that, after hearing the pleadings, evidence, and arguments, the court was of the opinion that the temporary injunction should be granted, as prayed for, and it was then ordered that the defendants be restrained from entering upon the plaintiff's premises or from doing any act tending to establish or alter state highway No. 19, upon plaintiff's executing a bond of $1,000, conditioned as required by law. To the order so entered, the defendants excepted, and gave notice of appeal.

After the above judgment had been rendered and entered, to wit, on the 22d day of September, 1925, the commissioners' court met in a called session and entered an order rescinding and modifying its former order in so far as it affected the plaintiff or his property, and reappointed the same persons composing the first jury of view, as a jury of view for the purpose of establishing a first-class road 80 feet in width, as described in their first order hereinbefore stated.

Pursuant to such order and appointment, said jury of view, after giving due notice to plaintiff that they would meet on his land to lay out the road, on the 9th day of October, 1925, made its report to the commissioners' court, in which it described the proposed road, which it had laid out with metes and bounds in their first report.

On the 12th day of October, 1925, the defendants, acting in their official capacity, and as the commissioners' court of Walker county, entered an order upon the minutes of said court, approving the report last made by the jury of view, and ordered that said road as described in said report be established, and that said road so laid out by the jury of view be opened. Such order also awarded to the plaintiff, Bryan, the sum of $195 damages by reason of the road crossing his land.

On the 1st day of October, 1925, plaintiff filed in court what he has designated as his supplemental petition, and therein recites the rendition of the temporary restraining order,

hereinbefore mentioned, and the acts of the commissioners' court done at its called session, on the 12th day of October, above stated, and alleged that all of the acts and orders of the commissioners' court, undertaking to amend their first order establishing said road, are void in law, and insufficient to authorize the establishment of the road, for the following reasons: First, because the commissioners' court was without authority to condemn and take land for state highway purposes, as it undertook to do in the present case, in that by the act of the Thirty-Ninth Legislature, hereinbefore mentioned, the right and power to take land, by condemnation proceedings, for such purposes was conferred upon the Attorney General of the state of Texas; second, because the reappointment of the jury of view to lay out said road was void, in that the 20 days' notice, provided by law, was not given before such reappointment was made; third, because the court was without authority to enter its order rescinding or modifying its former order of July, 23, 1925, in whole or in part, at its called session on the 12th day of October, 1925; fourth, because the description of the road, as set out in the report of the jury of view, is void, in that it does not furnish the plaintiff with a sufficient description of what parts of his property are proposed to be taken, so that he might be apprised of the damages he might suffer by reason of such taking; fifth, because the jury of view were appointed for the purpose of establishing a first-class road of 80 feet in width, and it did lay out a road of such width, and so report to the commissioners' court, all of which was without authority of law and void, as the law provides that first-class roads shall be not less than 40 nor more than 60 feet in width; and, sixth, because all of the acts of the defendants at their called session, and the acts of the jury of view taken under orders entered at such session, were, in contravention of the temporary restraining order of the district court, made and entered on the 18th day of September, 1925.

The plaintiff further alleged that, notwithstanding the invalidity of the proceedings last mentioned, the defendants are threatening to act thereunder and to enter upon his property, and open, grade, and otherwise establish a road 80 feet in width, upon and across his property, notwithstanding he has not been informed of the point where the proposed road is to enter upon his land nor the amount of land to be taken.

Plaintiff's prayer is for a second temporary restraining order, restraining defendants from entering upon his premises "or from doing any further act by or pursuant to the purported award and act of the jury of view," that they be restrained from any further acts tending to establish or alter said state highway No. 19, and that upon final hearing that said order be made perpetual.

The defendants answer by general and special demurrers to the plaintiff's petition; by general denial and by specially pleading all the proceedings of the defendants, constituting the commissioners' court of Walker county and all acts done with reference to the establishment of the road in question, as set forth in the preliminary statement of the first part hereof. They then alleged that all of the successive steps taken by them and under their orders in and about the establishing of the road were in accordance with the law; that the actions taken by them, acting as the commissioners' court of Walker county, on the 22d day of September, 1925, and subsequent thereto, were taken in order to correct the error growing out of the failure of the jury of view, under its first appointment, to give notice to the plaintiff as required by law. They then prayed that the temporary restraining order prayed for by plaintiff be denied and that the restraining order theretofore granted be dissolved, in that it is made to appear that plaintiff had been duly notified by the jury of view of their purpose to meet on his land and lay out said road, and that plaintiff has his remedy at law, for any damages he might have suffered by reason of said road having been established on and across his land.

On the 22d day of October, 1925, the trial court rendered a decree, which substantially recites that it was the opinion of the court that the facts proven were sufficient to authorize the commissioners' court to establish a first-class road across the plaintiff's property 60 feet in width but not 80 feet, as ordered by the commissioners' court. After making such recitals, this judgment then decrees that the temporary injunction, as prayed for in plaintiff's supplemental petition, be denied, in so far as it affects a strip of land 60 feet in width (that is, 30 feet on each side of the line as described in the order approving the report of the jury of view), and that the temporary order granted upon plaintiff's original petition be dissolved in so far as it affects such strip of land 60 feet in width; that said temporary restraining order, granted upon plaintiff's original petition, shall remain in force and effect, restraining defendants from taking or in any manner interfering with any land of the plaintiff in excess of the above-mentioned strip 60 feet in width. All costs incident to the hearing on the plaintiff's supplemental petition were adjudged against the plaintiff.

From the judgment so rendered and entered, the plaintiff, Bryan, has appealed. Appellant's contentions for reversal of the judgment are: First, that the commissioners' court was without jurisdiction to take land under condemnation proceedings for a state highway, in that, by the Act of the Thirty-Ninth Legislature (1925) c. 186, the state highway commission was given exclusive control over such highways, and the right to take land by condemnation proceedings for such highways; second, that when, upon a petition of citizens asking for a road 80 feet in width, the jury of view appointed to lay out such road, laid the same out 80 feet wide, and the commissioners' court approved the report of said jury of view, and established a road 80 feet wide, the act of establishing such road is without authority of law and void, in that the law only authorizes the establishment of such road 60 feet in width, and the district court was not under such circumstance authorized to adjudge that the road had been established 60 feet wide, that the district court had no authority to reduce the width of the road from 80 feet in width as fixed by the commissioners' court, to a road 60 feet in width; third, that the description of the proposed road as reported by jury of view, and established by order of the commissioners' court, is so indefinite, that it does not constitute a basis of any claim under the right of eminent domain; fourth, that the report of the jury of view and the first order establishing the road were void for want of notice, and the commissioners' court was without authority to reappoint said jury of view at a subsequent term and to approve the report of such jury without having first again given the 20 days' notice required to be given of the petition for the road; and, fifth, that the court erred in taxing the costs of the suit against him. We shall dispose of the above contentions in the order stated.

We overrule the first contention. To make our reasons for overruling such contention clear, we will here restate the facts relative to the entire case, as best we can, from the record, in a condensed form as follows:

The petition for the road was presented to the commissioners' court in January, 1925, at its February term thereafter, and, after the 20 days' notice of the petition had been given, as required by law, said court appointed a jury of view to lay out the road. Thereafter, at some time prior to the 12th day of June, 1925, the exact date not being shown by the record, said jury undertook to give due notice to all owners of land, over whose land it proposed to lay out the road, to appear at a given time and place for the purpose of making their claim for damages, if any, by reason of such road being established upon and across their lands, but, by oversight, no such notice was given to appellant, Bryan. After notices were given to all of said landowners except Bryan, and before June 12, 1925, said jury of view, with the aid of county engineer, laid out the road by metes and bounds, as hereinbefore shown. Thereafter, and before the 12th day of June, 1925, the commissioners' court, after advertising for bids to construct the road as laid out by the jury of view, entered into a contract with Reynolds & Sutton to construct the same. On the 12th day of June, 1925, the

state highway commission approved the road as laid out and the contract so made with Reynolds & Sutton. Notwithstanding the fact of the taking place of all the matters and things above stated, the report of the jury of view was not filed with the commissioners' court until some time in the early part of July, 1925.

The report of the jury was approved by the court on the 23d day of July, 1925. On the 16th day of September, Bryan filed his petition for injunction to restrain the defendants from establishing the road across his land, upon the ground that he had received no notice of the purpose to so do. The injunction prayed for was granted, and the commissioners' court thereafter convened and rescinded its order approving the report of the jury, and again appointed the same persons as a jury of view to lay out the road, without again giving the 20 days' notice of the petition therefor. Thereafter due notice was given to Bryan to meet the jury at a given time and place for the purpose of fixing his damages. After such proceedings and an obvious purpose of the court to proceed with the construction of the road, Bryan filed what is called his supplemental petition, praying for a second order of restraint against the defendants. The prayer made in this supplemental petition was in part granted by the district court, as shown by the judgment hereinbefore stated.

The Thirty-Ninth Legislature of 1925 passed an act (Acts 39th Leg. p. 456), declaring that all highways in this state included in the plan providing a system of state highways are to be known as state highways. By section 14 of such act it is provided that, when, in the judgment of the state highway commission, the use of any land is necessary to construct or reconstruct any such highway over a new or wider right of way, it shall have the right to use such land for the public use as may be necessary for the new or wider right of way.

It is further provided thereby that, should the owner of such land and the state highway commission fail to agree upon the sum to be paid for such land, then the Attorney General, at the request of the highway commission, shall proceed to condemn the same for and on behalf of the state of Texas.

By section 3 of the act the commissioners' courts are authorized to aid the construction and maintenance of sections of roads in the respective counties which constitute a part of the state highway system *and to enter into contracts or agreements with the state highway department for that purpose.* (Italics ours.)

By section 4 it is provided that surveyors' plans, specifications, and estimates for all further improvements of the system with federal aid or with federal and state aid shall be made and prepared by the state highway department, and that no further improvements of the system shall be made under *direct* control of the commissioners' court of any county *unless and until the plans and specifications for such improvements have been approved by the state highway engineer.* It is further provided by the fourth section, that nothing in the act shall prevent the completion of any highway improvement project already begun, or the carrying out of any contract for such improvement.

[1] It seems to be agreed that the road involved in this suit is that part of state highway No. 19, in Walker county. It is the contention of appellant that, by the passage of the act of the Thirty-Ninth Legislature, above mentioned, the general long-standing authority of the commissioners' court to condemn lands for public road purposes was repealed in so far as such authority extended to state highways, and that such authority was by such act conferred exclusively upon the Attorney General of the state, under the direction of the state highway commission, and therefore the attempt of the commissioners' court of Walker county to take land for state highway No. 19, by condemnation proceedings, is void.

To this contention we cannot agree. It is our opinion that such act was passed only to meet a contingency, such as might arise from a failure of the commissioners' court to exercise its authority to take land by condemnation proceedings for a state highway, designated as such by the state highway commission.

Our conclusion, that the Legislature did not intend by the act mentioned to abrogate the pre-existing authority of the commissioners' court to take land for state highways, is, we think, reinforced by that part of said act wherein it is provided that the commissioners' court may aid in the construction or reconstruction of state highways, and for that purpose enter into contracts or agreements with the state highway department, and also by that part thereof in which it is impliedly provided that improvements of the state highways may be made by the commissioners' court when the plans and specifications therefor have been approved by the state highway engineer. There is certainly no express repeal of the whole or any part of the statute which confers upon the commissioners' court authority to take land for public roads, designated as state highways, in the act mentioned, nor do we think such statute is repealed by implication, but we are of opinion that the act mentioned, when properly construed, gives the state highway commission concurrent authority with the commissioners' courts to take land by condemnation proceedings, for state highways, conditioned that, if taken by the commissioners' court, the highway to be constructed shall be designated by the state highway commission as a state highway.

[2] However, if it be conceded that the act

mentioned has the effect, since it took effect on the 17th day of June, 1925, to repeal the statute authorizing the commissioners' court to take land for public roads, in so far as state highways are concerned, we would still overrule appellant's contention that the commissioners' court would not in the present case have authority to take land for the purpose of establishing the road in question.

The act of the Thirty-Ninth Legislature, before mentioned, speaks only from the 17th day of June, 1925, the day it went into force and effect. It provides, as already shown, that nothing in the act shall be construed to prevent the completion of any highway improvement project begun, or the carrying out of any contract for such improvement theretofore made. Since, then, it is shown by the undisputed evidence that the highway improvement project involved in this suit had begun prior to the taking effect of the act mentioned, and that a contract for the carrying out of such project had been made before said act took effect, such act would in no way affect the authority of the commissioners' court to lay out and construct said highway, especially since the project was approved by both the state highway commission and the representative of the federal government.

[3, 4] We, of course, agree with so much of appellant's second contention as asserts that the commissioners' court had no authority to establish a first-class road 80 feet in width across appellant's land, as the law authorizes the establishing of such road of only 60 feet in width. We also agree with him that the district court, under the facts shown, had no authority to adjudge that the road had been established 60 feet wide or to reduce the road from 80 feet wide as fixed by the commissioners' court to a road of 60 feet in width; but we find that the district court made no attempt by its decree to establish a road of any width.

The judgment in effect was only to restrain the defendants, who composed the commissioners' court of Walker county, from taking a strip of appellant's land for such road of a greater width than 60 feet; that is, from taking more than 30 feet on each side of the line described by the report of the jury of view. We therefore hold that the second contention presents no cause for a reversal of the judgment.

[5] We overrule appellant's third contention. We think the description of the proposed road, as reported by the jury of view and established by the commissioners' court, is sufficiently definite to apprise appellant of the location of same, where it was to pass over his land, and as a basis for the condemnation proceedings instituted and prosecuted to judgment by said court.

[6] We sustain appellant's contention that the court erred in adjudging the cost of the suit against him. It is shown that appellant recovered a part of the relief prayed for, and there is no reason given by the trial court for adjudging the costs otherwise than is prescribed by article 2035, Complete Tex. St. 1920, or Vernon's Ann. Civ. St. 1914.

Having reached the conclusions as above expressed, it is ordered that the judgment be so reformed as to adjudge all costs against the appellees, and, as reformed, the same is affirmed.

Reformed and affirmed.

### On Motion for Rehearing.

In our original opinion we said:

"We also agree with him [appellant] that the district court, under the facts shown, had no authority to adjudge the road had been established 60 feet wide or to reduce the road from 80 feet wide, as fixed by the commissioners' court, to a road of 60 feet in width; but we find that the district court made no attempt by its decree to establish a road of any width."

[7] The statement as made is misleading, and does not correctly state the holding we intended to make. What we intended to say and now say, in lieu of the above quotation, is that we agree with appellant that the district court had no authority to establish a road of any class originally, or by reducing the width of one erroneously attempted to be laid out of a greater width than allowed by law, but that the district court did have authority, in passing upon the application for injunction, to determine and decide that the commissioners' court had no authority to establish a road 80 feet wide, but that it did have authority to legally establish a road of 60 feet in width, and that it had done so, that this was all the court decided.

With this statement, the motion of appellant for a rehearing is overruled.