### HILL et ux. v. TAYLOR COUNTY et al. (No. 345.)

Court of Civil Appeals of Texas. Eastland. April 8, 1927.

**1. Eminent domain 19, 167(4)—Landowner cannot prevent appropriation of land for public road, but can demand that proceeding be in strict conformity with statute (Rev. St. 1925, arts. 6705–6710).**

Landowner cannot prevent exercise of power to appropriate land for public road, since such power is absolute, but he can demand that exercise thereof be in strict conformity with Rev. St. 1925, arts. 6705–6710.

**2. Eminent domain 242—Highways 63— Injunction suit in district court is "direct attack" upon commissioners' court proceedings with reference to establishing public road and taking land therefor.**

Since by Constitution and statute district court has supervisory control over commissioners' court, suit for injunction in district court is "direct attack" on all proceedings of commissioners' court with reference to establishing of public road and taking land for that purpose.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Direct Attack.]

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Appeal and error ☜934(1)—In reviewing suit to enjoin commissioners' court from establishing public road, no presumptions are indulged in favor of commissioners' court judgments (Rev. St. 1925, arts. 6705–6710).**

In reviewing proceedings to enjoin commissioners' court from establishing public road and taking land for that purpose, no presumptions will be indulged in favor of judgments of commissioners' court, but Court of Civil Appeals has duty to determine whether record of proceedings in commissioners' court, together with evidence properly admitted upon trial of injunction suit in district court, disclosed substantial compliance with requirements of Rev. St. 1925, arts. 6705–6710.

**4. Highways ☜41(3)—Report of jury of view describing road to be established as "highway No. 1-A, Taylor county, Tex.," did not comply with statute requiring description of road (Rev. St. 1925, art. 6706).**

Report of jury of view describing road to be established as "highway No. 1-A, Taylor county, Tex.," no other description of road being contained in report, and no reference being made therein to any other instrument disclosing description, held not in compliance with Rev. St. 1925, art. 6706, requiring that description of road shall be included therein.

**5. Highways ☜64—Defendants in injunction suit did not prove compliance with statutory requirement, that report of jury of view should describe road, by ex parte order of commissioners' court stating that report did include description (Rev. St. 1925, art. 6706).**

Defendants in suit to enjoin establishment of public road did not show that Rev. St. 1925, art. 6706, requiring that report of jury of view shall contain description of public road, had been complied with by an ex parte order of commissioners' court stating that there was a report which did include description, where report in order opening road showed no description.

**6. Highways ☜49—Commissioners' court had no authority to open public road except order be based on report of jury of view (Rev. St. 1925, arts. 6705–6710).**

Under Rev. St. 1925, arts. 6705–6710, commissioners' court had no authority to open public road except its order be based upon report of jury of view; its power being, in a measure, analogous to power of trial judge to enter judgment after verdict has been returned by jury.

**7. Highways ☜54—Requirement that record show service on jury of view in proceedings to establish road could not be met by recording one return and having commissioners' court recite that similar notices and returns were on file as to other jurors (Rev. St. 1925, arts. 6705–6710).**

Requirement that record show notice and sheriff's return of notice to jury of view in proceedings to establish public road, under Rev. St. 1925, arts. 6705–6710, could not be met in suit to enjoin establishment of road by recording one of such returns and having commissioners' court recite that similar notices and returns were on file as to other jurors, since no presumptions can be indulged in proceeding of this character.

**8. Highways ☜28(2)—Requirement of petition by freeholders in "precinct" to establish road means commissioners' precinct (Rev. St. 1925, art. 6705).**

Rev. St. 1925, art. 6705, requiring petition for road to be signed by eight freeholders in "precinct" in which such road is desired to be made, means freeholders residing in commissioners' precinct, and not road precinct.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Precinct.]

**9. Highways ☜29(5)—Petition for establishment of road held to sufficiently identify beginning and termination of road (Rev. St. 1925, art. 6705).**

Petition for establishment of road, under Rev. St. 1925, art. 6705, describing beginning as intersection of Pine street at Ambler avenue, and termination point as "intersecting the county line about one-half mile south of Hamby, Tex.," held to sufficiently identify beginning and termination of road, since substantial compliance with requirement is sufficient.

**10. Highways ☜38(1)—Notice of meeting of jury to lay out road was unnecessary, where landowners received notice of date of meeting to assess damages (Rev. St. 1925, arts. 6705–6710).**

Notice of time when jury of view would meet and lay out road, under Rev. St. 1925, arts. 6705–6710, was unnecessary, where damages were assessed at later date, and notice was given landowners of date when jury would meet to assess damages, and they appeared at that time and presented claim.

**11. Highways ☜41(3)—That jury adopted field notes of resident engineer did not prevent road from being one, which, in their judgment, should be established (Rev. St. 1925, arts. 6705–6710).**

That jury of view in proceeding to establish road, under Rev. St. 1925, arts. 6705–6710, adopted field notes prepared by resident engineer did not prevent road from being one, which, in their judgment, should be established, and commissioners' court order establishing road was not subject to attack on ground that it did not establish road laid out by jury of view, but one laid out by engineer.

**12. Highways ☜53(1)—Order establishing public road under statute was irregular in referring to McCanlies road (McCanlies being resident engineer), rather than the road recommended by jury (Rev. St. 1925, arts. 6705–6710).**

Commissioners' court order establishing road, under Rev. St. 1925, arts. 6705–6710, was irregular in referring to the McCanlies road (McCanlies being resident engineer), rather than the road recommended by the jury.

**13. Highways ☜23—Statute held not to divest commissioners' courts of power to establish roads that are part of state system of highways (Acts 39th Leg. [1925] c. 186; Rev. St. 1925, arts. 6705–6710).**

Acts 39th Leg. (1925) c. 186, held not to divest commissioners' courts of power, under Rev. St. 1925, arts. 6705–6710, to establish roads that are part of state system of highways.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**14. Highways** &#9752;64—**Injunction restraining commissioners' court from taking strip wider than 60 feet for road held not an attempt to establish different road.**

Injunction restraining commissioners' court from taking land except 30 feet on either side of a division line specified for road *held* not an attempt on part of district court to establish and lay out different road from that laid out by commissioners' court.

**15. Highways** &#9752;47—**Commissioners' court cannot establish road more than 60 feet wide.**

Commissioners' court has no power to establish and lay out road more than 60 feet wide.

**16. Highways** &#9752;64—**District court, in suit to restrain commissioners' court from establishing road, could not lay out any road.**

District court, in suit by landowners to restrain commissioners' court from establishing and laying out road, was without power to lay out any road.

Appeal from District Court, Taylor County; M. S. Long, Judge.

Suit by E. F. Hill and wife against Taylor County and others. From the judgment, plaintiffs appeal. Reversed and rendered.

Kirby, King & Overshiner, of Abilene, for appellants.

Frank E. Smith and Scarborough & Wilson, all of Abilene, for appellees.

HICKMAN, J. [1, 2] Suit was brought by appellants C. F. Hill and wife, Jennie Hill, against Taylor county, the county judge, the county commissioners, and a road contractor, seeking to enjoin them from entering upon a certain tract of land belonging to Jennie Hill and constructing, operating, and maintaining a public road thereon. The proceedings of the appellees were based upon the authority conferred by articles 6705 to 6710 of the Revised Civil Statutes 1925. Upon a hearing in the district court, judgment was entered denying appellants the relief prayed for in so far as it applied to a certain road 60 feet in width, but granting the injunction in so far as appellees were seeking to take additional land to the 60-foot roadway across appellants' premises. A proceeding to condemn the land of an individual and appropriate same for public road purposes is a statutory proceeding, and consists only in following the plain mandates of the statute. The power thus to appropriate the lands of an individual for the use of the public is absolute, but in order to do so the statutes with relation thereto must be complied with. A landowner cannot prevent the exercise of this power, but he can demand that the exercise thereof be in strict conformity with the provisions made by the Legislature. Since, by the Constitution and statutes of our state, the district court has supervisory control over the commissioners' court, an equitable suit for injunction brought in the district court is a direct attack upon all the proceedings of the commissioners' court with reference to establishing a public road and taking land for that purpose. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Haverbekken' v. Hale, 109 Tex. 106, 204 S. W. 1162.

[3] In reviewing this proceeding, therefore, no presumptions will be indulged in favor of the judgments of the commissioners' court, but it becomes our rather limited duty to determine whether or not the record of the proceedings in the commissioners' court, together with such evidence as was properly admitted upon the trial of the injunction suit in the district court, discloses a substantial compliance with the requirements of the statute.

Fifteen separate and distinct assignments of error are presented in the brief of appellants, complaining of an equal number of errors of omissions and commission claimed to have been committed by the commissioners' court and the jury of view in their manner and method of opening this highway. Since we have come to the conclusion that not all the necessary steps for establishing this highway were taken, and that it is our duty to reverse the judgment of the trial court, it becomes unnecessary to discuss each and every assignment of error, because some of the alleged errors will likely not occur upon the next proceeding. We shall therefore discuss only such alleged errors as we think necessary for a proper understanding of our views upon the fundamental questions presented.

[4] One of the reasons assigned as showing that the statutory requirements were not complied with is that the report of the jury of view was insufficient in that it did not describe the road with sufficient certainty. By article 6706 it is provided, in substance, that the jury of view shall make a written report of their proceedings to the next term of the court, and the field notes of such survey or description of the road shall be included therein, and, if adopted, shall be recorded in the minutes of the court. In the trial of the instant case, the appellants introduced in evidence an order of the commissioners' court, made and entered at the January term, 1927, of said court, ordering the opening of the road. The report of the jury of view is embodied in this order. This report describes the road as "highway No. 1-A, Taylor county, Tex." No other description of the road is contained in the report, and no reference is made therein to any other instrument disclosing the description. This report of the jury of view was not in compliance with the statute requiring that a description of the road shall be included therein.

[5, 6] But appellees insist that this omission was cured by a nunc pro tunc judgment of the commissioners' court entered on February 17th, 1927, the day on which the trial

---

&#9752;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the injunction suit was ended. The record discloses that the injunction suit went to trial on the 15th day of February, and was concluded on the 17th day of February, 1927; that before the conclusion of the testimony on February 17th, the appellees introduced in evidence an order of the commissioners' court of Taylor county, entered on that day, amending the order of the January term of the commissioners' court which approved the report of the jury of view and ordered the opening of the highway. This nunc pro tunc order of February 17th sets out in much detail the correct field notes of the highway to be constructed; such field notes having been prepared by L. C. McCanlies, resident engineer. The order recited, in substance, that the appellants had attacked the former order of the court upon the ground that same was uncertain and did not contain a sufficient description of the road, and then recites that the report of the jury of view and the original order did, in fact, contain true field notes; that said field notes were a part of said report, and the jury of view considered and attached the field notes as a part of their report, but that by oversight and mistake such field notes were not recorded in the minutes of the court as a part of the report and order. This nunc pro tunc order then proceeds to amend the original order by including the field notes of the proposed road therein. Appellees insist that the effect of this so-called amending order was to correct a clerical error in the entry of the original order and supply that wherein the original order and report were deficient. If, as a matter of fact, the report contained the true field notes and an error was made by the clerk in recording the report and order, and, by oversight, these field notes, which were contained in the report, were not recorded, we think that omission could have been supplied by entry of the nunc pro tunc order on February 17th, but the question presented to us is whether or not there was any evidence that the report of the jury of view did contain correct field notes. The appellants introduced in evidence a certified copy of the original order of January 12th, which contained a report of the jury of view, which, as we have stated, in no wise describes or refers to the proper source of description of the proposed road. If there was, in fact, a report which did include or properly refer to a description of the proposed road, it was the duty of appellees to introduce such report in evidence. As noted above, this proceeding was a direct attack upon the proceedings of the commissioners' court, and, when a report of the jury of view was offered by the appellants which wholly failed to comply with the statute, appellees could not meet that proof by an ex parte order of the commissioners' court stating that there was a report which did include a description. The requirement that the report contain a description of the road is not met by a recital in an order of the commissioners' court that it did contain such description. No presumption can be indulged in support of that judgment. The statute does not make it even prime facie evidence of the, correctness of its recitals. The very report itself was the subject of attack, and if it should be held that, when a proceeding is directly attacked, such attack could be met by recitals in a judgment, then no judgment of a court regular on its face could ever be attacked. The commissioners' court had no authority to open the road, except that its order be based upon the report of the jury of view. Its power to enter an order opening a road is, in a measure, analagous to the power of a trial judge to enter judgment after a verdict has been returned by a jury. When the jury of view returns a report, the commissioners' court can either reject it or approve it and order the road to be opened as described in the report. Cummings v. Kendall County, 7 Tex. Civ. App. 164, 26 S. W. 439. Not only can a commissioners' court not lay out a different road to that described in the report of the jury of view, but it cannot lay out any road unless same is described in the report, for the requirement of the statute in this regard is, by its very nature, jurisdictional. This assignment is therefore sustained.

[7] Complaint is made that the record did not disclose the notice and sheriff's return of notice to the jury of view, informing them of the order of the court appointing them as such jury. The proof shows that there was no record of the notice or sheriff's return on same at the time the order of the commissioners' court was entered opening this road. At a later date, however, a nunc pro tunc judgment was entered by the commissioners' court at a called session, on February 12, 1927, after the injunction suit had been filed, which judgment recited that each of the commissioners had been, in fact, served, and the sheriff had made a return thereon, one of such notices and returns being set out in the order. The recital is then made that each of the jurors was served with a similar notice, and a like return was made in each case. We do not believe that this nunc pro tunc order cured the original omission. If it is necessary that the record show this service and return, that requirement could not be met by recording one of such returns and having the court recite that similar notices and returns were on file as to the other jurors. As above stated, no presumptions can be indulged in a proceeding of this character, and a judgment of the court that certain things had been done, which do not appear of record, could not supply the omission to place same of record. We are not called on to determine whether or not this nunc pro tunc judgment would be effective had it contained a record of the notice and return of each individual juror, but it is our opinion that nothing was added to the

regularity of the proceeding by the order of the court showing the notice and return on only one juror and reciting that the others had been similarly served. This is true, irrespective of when the order was made or entered. Both parties to this appeal rely upon the same authority (Sneed v. Falls County, 91 Tex. 171, 41 S. W. 481) in support of their respective contentions with regard to the necessity of the record's showing this notice and return. As we read this decision, it states that the sheriff's return showing service upon the jurors should be in writing and preserved as a part of the record. That decision states that every step in the proceeding required by the statutes to be in writing should be preserved as a part of the record. That is a clear and safe rule to follow. As the record in this case failed in that regard, this assignment is sustained.

[8] We shall briefly note the other important assignments urged by appellants. It is complained that the proceedings were void because the petition for the road was not signed by eight freeholders, as required by article 6705 of the Revised Statutes 1925. There is no question but that eight freeholders signed the petition, but the contention is made that they did not reside in the road precinct to be effected. It was admitted that each of them resided in the commissioners' precinct, but the claim is made that where the word "precinct" is used in the statute, road precinct and not commissioners' precinct was intended. This question was decided adversely to the contention of appellants by the Court of Civil Appeals of Amarillo, in the case of Atkins v. Davis et al., on motion for rehearing on February 23, 1927, 291 S. W. 968. We know of no sufficient reason for holding that any other precinct than the constitutional commissioners' precinct was contemplated by the Legislature, and we therefore overrule this assignment.

[9] Objection is made that the petition did not sufficiently identify the beginning and termination of the road. The beginning is described as the intersection of Pine street at Ambler avenue. This point is at the city limits of Abilene, and seems undoubtedly to be very definite and specific. The petition then describes in general the course of the road and the names of the property owners through which it should pass, finally describing the termination point in these words, "intersecting the county line about one-half mile south of Hamby, Tex." The proof shows that Hamby is a little village near the line of Taylor and Callahan counties; that it is about 100 yards north and south, by about one-half mile east and west. We think that a substantial compliance with this requirement is sufficient, as the jury of view must be given some discretion in the matter. A point on the county line about one-half mile south of Hamby can be ascertained with reasonable accuracy, and we do not believe that the proceedings were void on account of the indefiniteness of the description in this regard. This question will be eliminated upon the next proceeding. Hankamer v. County Court (Tex. Civ. App.) 154 S. W. 623; Haverbekken v. Coryell County, 112 Tex. 422, 247 S. W. 1086; G. H. & S. A. Ry. Co. v. Baudat, 18 Tex. Civ. App. 595, 45 S. W. 941.

[10] The complaint to the effect that the jury of view did not give appellants any notice of the time when they would meet and lay out the road, cannot be sustained. The damages were assessed at a later date; notice was given of the date when the jury would meet to assess damages; and appellants appeared at that time and presented their claim. This notice is all that is required by the statute. Kelley v. Honea, 32 Tex. Civ. App. 220, 73 S. W. 846.

[11] The order of the commissioners' court establishing the road is attacked on the ground that it did not establish one laid out by the jury of view, but one laid out by the resident engineer, L. C. McCanlies. We think the fact that the jury of view adopted the field notes prepared by McCanlies did not prevent the road from being the one, which, in their judgment, should be established. Allison v. Sutton County (Tex. Civ. App.) 278 S. W. 928.

[12] The order was irregular in referring to the McCanlies road, rather than the road recommended by the jury, and we suggest that this error be eliminated upon subsequent proceedings.

[13] Complaint is made that, by the acts of the Thirty-Ninth Legislature, chapter 186, the power of commissioners' courts to establish roads that are a part of the state system of highways was expressly withdrawn and vested in the state highway commission, to be exercised through proceedings instituted by the Attorney General in behalf of the state of Texas. We are impressed by the argument advanced in support of this contention, and find some difficulties in reconciling the provisions of this act of the Legislature with the articles under which the appellees proceeded in this case, but we have concluded to overrule this assignment. In the case of Bryan v. McKinney (Tex. Civ. App.) 279 S. W. 475, a conclusion was reached adverse to the contention of appellants. In that particular case, the conclusion was not necessary to the decision of the question presented, because the proceeding under review there was begun prior to the passage of the act referred to by the Thirty-Ninth Legislature, and such act expressly provides that it shall not govern as to such proceedings. A writ of error was refused by the Supreme Court in that case. This does not necessarily mean that the Supreme Court adopted everything stated in the opinion, but, on a matter so important to the state at this time, when so many new roads

are being laid out and constructed, it is doubtful whether or not the Supreme Court would have refused this application for writ of error, if it did not concur in the views therein expressed with reference to this statute. On the authority of this case, we overrule this contention.

[14-16] We do not think the contention of appellants that the proceeding was void on the ground that the commissioners' court exceeded its authority by undertaking to open a road 80 feet in width is sustained by the record in this case. The petition prayed for the establishment of a road 60 feet wide. The concluding paragraph of the petition prayed for "the use of gravel, stone, and earth of additional 10 feet required on either side of both the old and new routes above designated." The injunction was granted by the district court as to all of the land except 30 feet on either side of a division line specified. We do not think that this record shows an attempt on the part of the district court to establish and lay out a different road to that laid out by the commissioners' court. The facts of this case do not point nearly so strongly in that direction as do the facts in the case of Bryan v. McKinney (Tex. Civ. App.) 279 S. W. 475, in which a similar contention was made and overruled. Upon the authority of that case, we overrule appellant's contention in this regard. The contention is sound that the commissioners' court had no power to establish and lay out any road more than 60 feet wide, and the district court was without power to lay out any road whatsoever, but in this case the commissioners' court did not establish a road 80 feet wide, and the district court did not at all establish a road, but merely enjoined the commissioners' court from appropriating other and additional land than that contained in the strip 60 feet wide.

There are other assignments contained in the record which we do not deem it necessary to discuss, because the alleged errors will not likely arise again.

We are aware of the fact that our holding herein is but to postpone the opening of this highway and tax additional costs against Taylor county, because its power to condemn the land of appellants is inherent and no question of the amount of damages is involved, but with the expediency of the holding we cannot be concerned. Appellants have invoked the jurisdiction of this court to uphold their constitutional and statutory rights, and when its jurisdiction is thus invoked our concern is only that we correctly define those rights.

For the errors pointed out in this opinion, the judgment of the district court is reversed, judgment is here rendered for the appellants, enjoining the appellees from further proceeding to take, appropriate, or use the said land of appellants for road purposes under and by virtue of the proceedings complained of herein, without prejudice, however, to the rights of appellees to institute further proceedings not inconsistent herewith.