**WILLCOX et al. v. JACKSON, Judge, et al.**

**No. 10632.**

Court of Civil Appeals of Texas. Galveston.

May 20, 1937.

Rehearing Denied June 17, 1937.

John H. Benckenstein, of Beaumont, for appellants.

Everett H. Cain, Co. Atty., of Anahuac, for appellees.

GRAVES, Justice.

This appeal is from an order of the district judge refusing to grant the appellants, who sued as taxpaying citizens and freeholders of Chambers county, a mandatory, ex parte, temporary injunction, without a hearing, against the appellees, as county judge and members of the commissioners' court of Chambers county, stopping them from, in their official capacity, proceeding with the construction of a new road in that county they had ordered to be laid out and built pursuant

to a petition therefor of J. J. Penick and other citizens, of date January 14 of 1937; the order of refusal being as follows:

"The foregoing petition being presented to me, the same is refused without a hearing thereon, which petitioners decline, and therefore the injunction is refused, to which petitioners except and give notice of appeal to the Court of Civil Appeals for the 1st Supreme Judicial District of Texas, at Galveston, Texas.

"Thos. B. Coe,

"Judge 75th Judicial Dist. of Tex."

At a former day of this term, on appellants' application to it, this court granted appellants a temporary restraining order herein against the appellees, the effect of which was to direct the maintenance of the status quo of this controversy until a hearing thereof could be had in this court on the 29th day of April of 1937; that hearing having now been had, under briefs and arguments presented by both sides, and this court having fully considered the matter, it holds that the appellants have not shown such an abuse of a sound judicial discretion on the part of the learned trial judge in this instance as requires that the temporary injunction they seek should be granted to them, wherefore it is determined that the appealed from order denying it be affirmed.

In the first place, as indicated supra, the appellants, under averments to the effect that their lands, crops, standing timber, and improvements thereon would be injured, destroyed, and interfered with by the construction of such proposed road, sought such mandatory injunctive relief ex parte and without a hearing, upon the claim that the petition on which the commissioners' court had ordered the road constructed showed upon its face that it did not conform in a number of specified particulars to the requirements of R.S. art. 6705, attaching a copy thereof to their bill for the writ, which was as follows:

"Petition for Road.

"State of Texas, County of Chambers

"To the Honorable Commissioners' Court of said County:

"We, the undersigned freeholders in Precincts 1 and 2, in said county, citizens of said Precincts and county, represent that for the convenience of themselves and of the public generally, they desire a first-class new road of 100 feet to be opened.

"Beginning at or near the junction of the Jane Brown road with the Bayshore road in Precinct No. 2, and extending in a northerly direction and terminating at or near the old William Chambers home-place in Precinct No. 1.

"Wherefore, they pray for the appointment of a jury to lay out and mark said road, that the same may be opened and established as a public road."

The quoted petition is the only one set out in the bill, of the various proceedings alleged to have been taken by the appellees pursuant to it, looking to the establishment of the road therein requested, and the mere exhibition of it fails to show that it was void upon its face; the main grounds upon which it was objected to are that it failed (1) to allege that it had been signed by eight freeholders, (2) to sufficiently describe the beginning and terminus of the proposed road, (3) to describe at all the land to be taken, (4) to disclose the true intention underlying its presentment, which was to abandon the existing Bayshore road and construct another, and (5) to show the giving of the prescribed notice by written advertisement of the intended application; in other respects, however, the bill disclosed that all necessary steps of statutory appropriation of the property for the proposed new road were taken in due order, but complained that such was not done in a legal manner; it further disclosed that the proposed new road would shorten the old road between its two ends by an approximate distance of some 380 feet, and that both the old and the proposed new roads were of the first-class.

There were other averments charging similar failure to comply with detailed provisions of R.S. art. 6703 et seq. (as amended [Vernon's Ann.Civ.St. art. 6703 et seq.]), but, as stated, none of these other proceedings, which admittedly had been taken, were set out in his verbis; hence there is not even presented a sufficient basis for a determination of whether they were void upon their face; indeed, while the very short transcript brought here in this proceeding fails to show denials upon appellees' part of the various matters of fact alleged by appellants to have attended the several proceedings they so challenge, they do in this court contest and deny all the material ones of appellants' statements, averring in reply, not only that their quoted petition for the road met all the

essential requirements of R.S. art. 6705, but further that all requisite proceedings under the other statutes invoked against them were taken, both by themselves and by the commissioners' court; wherefore, in the absence of transcripts of the proceedings actually taken below, this court, upon a mere application to it for such a temporary injunction as was denied by the court below in the circumstances stated, is without the necessary factual basis for the visitation of so drastic a writ; in this connection, as the copied jurat of the trial judge in refusing that relief below shows, the appellants expressly refused to make such a showing upon the facts there in declining a tender of a hearing thereon at the court's hands, preferably demanding that the official discretion of the commissioners' court be so controlled without it; this election upon their part would seem to this court, in the circumstances shown and under the presumption applying to the official proceedings of the commissioners' court, to have violated one of the first requisites of injunctive relief, especially when mandatory in character; that is, he who seeks equity must do equity.

Our authorities seem to have settled the point that a substantially definite designation of the beginning and end of the proposed new road is all that R.S. art. 6705 requires in this particular; that was given in this instance, since a "beginning at the junction of the Jane Brown and Bayshore roads and ending at the old William Chambers home-place" is clearly susceptible of accurate location on the ground. 21 Tex.Jur. 573; Haverbekken v. Coryell County (Tex.Civ.App.) 290 S. W. 573; Hill v. Taylor County (Tex.Civ. App.) 294 S.W. 868.

The major if not the sole purpose of the petition in that respect—the supporting prerequisites being in fact existent, whether recited therein or not—under the requirements of article 6705, seems to be to give the landowners in the vicinity notice of the beginning and terminus of the proposed road, and that having been accomplished in this instance, presumptively at least a substantial compliance with it appears. Appellants fail to show how many, or how few, freeholders had in fact signed the application, merely charging in that respect that "the petition failed to allege that it was signed by eight freeholders." 21 Tex.Jur. 573; Kelley v. Honea, 32 Tex.Civ.App. 220, 73 S.W. 846.

They further charge that article 6703 was violated, in that the order for this road was not signed by all the members of the commissioners' court. Aside from the consideration that all these material matters alleged as facts are in this court denied by the appellees, as recited above, the wording of that particular statute makes it at least reasonably doubtful whether the "unanimous consent" there specified applies at all to a road like this, which would shorten the distance between the ends of the old road and as to which the court has wider powers than in other instances. 21 Tex.Jur. par. 78, and cited cases. As forfeitures will not in equity be declared upon a doubtful construction, neither will such mandatory injunctions as was here so sought issue.

Without further discussion, under the conclusion that appellants have not shown themselves entitled to a disturbance of the appealed from order, the affirmance thereof will enter, and the restraining order heretofore issued by this court will be dissolved.

Affirmed.