**WILLCOX et al. v. JACKSON, County Judge, et al.**

No. 10699.

Court of Civil Appeals of Texas. Galveston.

Dec. 22, 1938.

Rehearing Denied Feb. 2, 1939.

Jack M. Moore and John H. Benckenstein, both of Beaumont, for appellants.

Everett H. Cain, Co. Atty., of Anahuac, for appellees.

GRAVES, Justice.

This is the second appeal in this cause, the former one having been reported, under the same name and style, in Tex.Civ. App., 106 S.W.2d 766, writ of error dismissed; then it was here by the same appellants against the same appellees, and having to do with the same subject matter, upon an appeal from a judgment denying the appellants a temporary injunction against the appellees, by which it was sought to stop the latter from then proceeding in the construction of a new road in Chambers County; this time, as indicated, the present appeal is from a refusal by the same court as between the same parties, to enjoin the construction of the same road, after a trial on the application for a permanent injunction on its merits; the present record shows, however, that in the interval between the former appeal and the present one the road so originally sought to be enjoined—including the connecting bridge across Turtle Bayou —had already been built at an approximate cost to Chambers County of $15,000, and that the public was already using such completed road at the time of this trial below.

Furthermore, it is shown that essentially the same questions of law are now again presented to this court, and no more, that were involved in its prior determination of the appeal from the refusal of the temporary injunction—that is, the trial court is arraigned as having again committed merely the same errors in the refusal of the permanent injunction as were before charged as having been committed in denying the temporary one.

In other words, it is now again presented that the trial court erred in refusing the prayed-for injunction, because (1) the alteration or change made in the pre-existing road was not to shorten the distance from its one end to the other; (2) that the change had not been made by the unanimous consent of all the commissioners elected, as required by R.S. Article 6703; and (3) the petition for such alteration and change had not specified the beginning and termination of the new road, as required by R.S.Article 6705.

■ While the challenged-order is attacked in some other particulars, the specified ones are controlling; this court, after again examining the questions raised in the light of the present record of the final trial on the facts, is convinced that its holdings upon the former appeal were correct, and that they determine the merits of the present one also adversely to the contentions of appellants; the petition for the road involved was set out in his verbis in the former opinion, as were, indeed, all other controlling features of the controversy; hence they need not be here repeated; the two statutes now again alleged to have been violated by the same procedural inadequacies as were before alleged, R.S.Articles 6703 and 6705, were before construed as not being susceptible of the application to the facts here presented that appellants insist upon; after again examining them, the former view is adhered to, and it is now determined for the second time that no such failure to require compliance with either has been shown as would have entitled appellants to the injunctive-relief they sought; in this connection they assume contrary to the showing in the record, that the objective and purpose of the Commissioners' Court in building this new road—the petition itself showing it was a new one—was not to shorten its distance from end to end, whereas that was not only the major purpose of it, but the undisputed evidence showed that it had been attained, in that such distance was shortened by the elimination of numerous curves to the extent of more than 300 feet; wherefore, it seems plain that, under the provisions of R.S.Article 6703, the majority of three members of the Commissioners' Court, out of its total of five, by which the order was shown to have been carried, was sufficient.

■ Not only so, but further, as was in the former opinion specifically determined, the petition for such new road did specify the beginning and termination thereof, as required by Article 6705, as did also the notices issued upon the petition, the order of the Commissioners' Court appointing the jury of view, the report of the jury of view, and the final direction of the court for the establishment of the new road; it would serve no needful purpose to again specifically construe these two Acts with reference to what was done in this instance, it being sufficient to announce adherence to the interpretations formerly put upon them; neither is the citation of further authorities thought to be needed, since those before referred to are considered sufficient; it may be added, however, that the two main holdings depended upon by appellants, those of Allison v. Wilbarger County, Tex.Civ.App., 24 S.W.2d 1103, and Live Oak County v. West, Tex.Civ.App., 206 S.W. 965, are distinguishable on the facts from the case here presented, in that the calls for the termini of the new roads there involved allowed respective variations of 900 and 1000 varas, whereas no such condition is presented here.

■ Without further discussion, it is determined that no reversible error in the action of the learned trial court has been pointed out; its judgment will accordingly be affirmed.

Affirmed.

MONTEITH, J., participating as Special Commissioner.